IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONIA WILLIAMS and DEQURVIA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PERSONALIZATIONMALL.COM, LLC,<br><br>    Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Personalizationmall.com, LLC ("PMall") files this Notice of Removal of the action entitled *LaTonia Williams, et al. v. Personalizationmall.com, LLC*, No. 2019-CH-13507 (the "State Court Action") from the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, PMall states the grounds for removal as follows:

### Procedural History and Plaintiffs' Allegations

1. On November 21, 2019, Plaintiffs LaTonia Williams and Dequriva Williams ("Plaintiffs") filed a purported class action complaint (the "Complaint") pursuant to the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, in the Circuit Court of Cook County, Chancery Division against Personalizationmall.com, LLC. A copy of the Complaint, summons, and all other process served on PMall is attached hereto as **Exhibit A**. These documents are the only "process, pleadings, and orders served upon" PMall. *See* 28 U.S.C. § 1446(a). A copy of the docket in the State Court Action is attached as **Exhibit B**.

1

2.     In their Complaint, Plaintiffs allege that PMall violated sections 15(a) and 15(b) of BIPA by "fingerprint[ing] workers like Plaintiffs, at their facilities" without properly "obtaining informed written consent or publishing its data and retention and deletion policies." Compl. ¶¶ 12-13, 63-66.[1]

3.     BIPA allows a prevailing plaintiff to recover $1000 in statutory damages per negligent violation and $5000 per intentional or reckless violation, including reasonable attorney fees and other costs associated with litigation. 740 ILCS § 14/20. BIPA also permits plaintiffs to obtain injunctive relief. *Id.*

### I.     Removal is Appropriate Under 28 U.S.C. § 1332(a).

4.     Under 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 [and] . . . is between citizens of different states . . . ."

5.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

#### A.     There is Complete Diversity.

6.     Personalizationmall.com, LLC is a limited liability company. *See* Declaration of William Howard in Support of Notice of Removal ("Howard Dec.") ¶ 3 (attached as **Exhibit C**). The citizenship of a limited liability company for purposes of diversity is the citizenship of each

---

[1] These recitations of the Complaint's allegations are offered only for purposes of removal. PMall does not admit Plaintiffs' allegations and indeed avers that it properly obtained informed written consent from each Plaintiff and published its data retention and deletion policies in compliance with BIPA, and that Plaintiffs' allegations are groundless.

of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

7. PMall has a single member: Bed Bath & Beyond, Inc. *See* Howard Dec. ¶ 4. Bed Bath & Beyond, Inc. is a corporation organized and existing under the laws of the state of New York with its headquarters located at 650 Liberty Avenue, Union, New Jersey, 07083. *See id.*; Form 10K Annual Report of Bed Bath & Beyond, Inc., *available at* https://www.sec.gov/Archives/edgar/data/886158/000088615819000012/bbby201910k.htm. Therefore, PMall is a citizen of New York and New Jersey. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . . .").[2]

8. Plaintiffs are "resident[s] and citizen[s] of the State of Illinois." Compl. ¶¶ 20-21.

9. Therefore, there is complete diversity of citizenship between the parties.

**B. The Amount in Controversy Exceeds $75,000.**

10. Under 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). Therefore, PMall need only show facts that suggest the jurisdictional amount in controversy has been satisfied by one of the named plaintiffs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) ("[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."); *id.* at 511 ("[T]he amount in controversy must be satisfied by one of the named plaintiffs; aggregating claims is not allowed for purposes of determining the jurisdictional amount.").

---

[2] The Complaint alleges no facts regarding the citizenship of PMall or Bed Bath & Beyond, Inc. *See* Compl. ¶ 19.

11.     Plaintiffs allege in their Complaint that they each worked in PMall's warehouse in 2017 and 2018 and that every time they started and ended their work shifts and started and ended a meal break they were required to scan their fingerprints to clock in and out. Compl. ¶¶ 6, 20-21 41, 44. Plaintiffs would have clocked in and out twice each day: they would have clocked in upon arrival and clocked out at the end of the workday. *See* Howard Dec. ¶ 7.

12.     Plaintiffs allege that PMall collected their biometrics in violation of BIPA each time they clocked in and out, and that these violations were made "knowingly." *Id.* ¶ 67; *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) ("[T]he Court agrees with Bimbo that Peatry's complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members clocked in and out of work."). Plaintiffs are therefore seeking up to $5,000 for each time they clocked in or out. 740 ILCS § 14/20.

13.     Plaintiffs allege that they worked for PMall in 2017 and 2018. Compl. ¶¶ 20-21. PMall's records show that Plaintiff LaTonia Williams worked for 42 days in 2017-2018 and Plaintiff Dequriva Williams worked for 9 days in 2017-2018. *See* Howard Dec. ¶¶ 5-6. Because they clocked in and out each workday, their alleged damages each exceed $75,000: $5,000 x 2 clock ins/outs x at least 9 work days each in 2017-2018 = $90,000.[3]

14.     Moreover, Plaintiffs seek statutory attorneys' fees and expenses, which "count toward the amount in controversy [because] the prevailing party is entitled to recover them as part

---

[3] These calculations are based on the Complaint's allegations and offered only for the purpose of removal. PMall does not admit Plaintiffs' allegations or concede that this is a proper measure of damages under BIPA or that each time an individual clocks in or out is a separate "violation" for which additional damages may be recovered.

4

of damages" under BIPA. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); 740 ILCS 14/20 ("A prevailing party may recover for each violation . . . reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses.")

15. Therefore, the amount in controversy threshold under 28 U.S.C. § 1332(a) is met. *See Peatry*, 393 F. Supp. 3d at 770.

## II. Removal is Appropriate Under 28 U.S.C. § 1332(d).

16. Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b)—the Class Action Fairness Act ("CAFA")—because: (i) the matter is a class action and the number of members in the proposed class is 100 or more; (ii) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (iii) "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B); 28 U.S.C. § 1453(b).

### A. The Purported Class is 100 or More Individuals.

17. The Plaintiffs purport to represent a "class" of individuals defined as "[a]ll individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois at any time within the applicable limitations period." Compl. ¶ 52. Plaintiffs allege that this class "exceeds 100" and includes "hundreds of individuals." *Id.* ¶¶ 12, 54.

### B. The Aggregated Matter in Controversy Exceeds $5,000,000.

18. As noted above, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. *See also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence.")

5

19. As further noted above, the theory that Plaintiffs assert in their Complaint (a theory with which PMall disagrees) is that every time a member of their purported class clocked in or clocked out to start/end a shift or a meal break, PMall committed a knowing violation of BIPA and that Plaintiffs and their purported class are entitled to $5,000 for each violation. Section I.B., *supra*, ¶ 12; *see also* Howard Dec. ¶ 8.

20. Even a conservative estimate of 101 individuals (which is consistent with Plaintiffs' allegation that the class exceeds 100 individuals but is well short of the "hundreds" Plaintiffs allege) working just 5 days (a fraction of the number worked by Plaintiff LaTonia Williams and about half of the number worked by Plaintiff Dequriva Williams) exceeds the $5,000,000 threshold: $5,000 x 2 clock ins/outs x 5 work days x 101 individuals = $5,050,000.

**C. There is Minimal Diversity.**

21. As noted above, Plaintiffs are citizens of Illinois and PMall is a citizen of New York and New Jersey. Section I.A., *supra*, ¶¶ 7-8. Minimal diversity therefore exists. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965 (7th Cir. 2016) (finding that minimal diversity existed where the plaintiffs were citizens of Illinois and the defendant corporation was neither incorporated nor had its principal place of business in Illinois).

**III. This Court Likely Has Subject Matter Jurisdiction Under Article III.**

22. Plaintiffs allege in their Complaint that they and the members of their proposed class "continuously have been exposed to substantial and irreversible loss of privacy" by PMall's violations of Sections 15(a) and 15(b) of BIPA and that "such constant and ongoing exposure constitut[es] a severe harm and violation of their rights." Compl. ¶ 51.

23. In *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019), the Seventh Circuit explained without deciding that its reasoning in *Dieffenbach v. Barnes & Noble, Inc.*, 887

6

F.3d 826 (7th Cir. 2018), *Lewert*, 819 F.3d 963, and *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) might support a finding of Article III jurisdiction in a BIPA case based on "the risk of disclosure" of biometric information.

24. After the Seventh Circuit's decision in *Miller*, the Ninth Circuit held in *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019) that "[b]ecause . . . BIPA protects the plaintiffs' concrete privacy interests and violations of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests . . . , the plaintiffs have alleged a concrete and particularized harm, sufficient to confer Article III standing" where they have alleged that a defendant violated Section 15(a) and 15(b) of BIPA. *See also Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 34 (holding that no separate or additional harm must be alleged to state a claim under BIPA because alleged violations of the notice and consent provisions of Sections 15(a) and 15(b) create "real" and "significant" injury).

**IV.    The Procedural Requirements for Removal Have Been Satisfied.**

25. PMall was served with process on December 3, 2019. *See* **Ex. A**. This Notice is being filed within thirty (30) days after PMall first received a copy of the State Court Complaint, which is "the initial pleading setting forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b)(1).

26. Promptly after the filing of this Notice, PMall shall "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk [of court for the State Court Action]." 28 U.S.C. § 1446(d).

27. This Court is the appropriate venue because the Northern District of Illinois, Eastern Division is the "district court of the United States for the district and division embracing [Chicago,] where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

28. By filing this Notice of Removal, PMall does not admit the allegations or theories in the Complaint or waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiffs' claims. PMall also hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, PMall hereby provides notice and respectfully removes the State Court Action from the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Should any question arise as to the removal or assignment of this matter, PMall respectfully requests an opportunity to provide additional briefing and oral argument as to why removal is proper.

Dated: January 2, 2020

*/s/ Justin O. Kay*
Justin O. Kay (ARDC No. 6286557)
justin.kay@dbr.com
Christina R. Chapin (ARDC No. 6329533)
christina.chapin@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant*
*Personalizationmall.com, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 2, 2020, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be filed on the Court's CM/ECF system, and served copies on the following parties, via their counsel at the following addresses, via first-class U.S. Mail, postage pre-paid:

>Thomas M. Ryan
>Law Office of Thomas M. Ryan, P.C.
>35 E. Wacker Drive, Suite 650
>Chicago, IL 60601
>Tel: 312.726.3400
>
>James X. Bormes
>Catherine P. Sons
>Law Office of James X. Bormes, P.C.
>8 S. Michigan Ave., Suite 2600
>Chicago, IL 60603
>Tel: 312.201.0575

>*/s/ Justin O. Kay*
>Justin O. Kay