# EXHIBIT A



null / ALL
Transmittal Number: 20788764
Date Processed: 12/05/2019

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bill Howard<br>PersonalizationMall<br>51 Shore Drive<br>Burr Ridge, IL 60527 |
| **Electronic copy provided to:** | Michael Wilck<br>Allan Rauch<br>Angela Leary<br>Toni Cronin<br>Kenneth Bradley |

| | |
|---|---|
| **Entity:** | Personalizationmall.Com, LLC<br>Entity ID Number  3647571 |
| **Entity Served:** | Personalizationmall.Com, LLC |
| **Title of Action:** | LaTonia Williams vs. Personalizationmall.Com, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2019CH13507 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 12/03/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Thomas M. Ryan<br>312-726-3400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Return Date: No return date scheduled
Hearing Date: 3/20/2020 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
  Cook County, IL

FILED
11/22/2019 9:43 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH13507

7473113

FILED DATE: 11/22/2019 9:43 AM  2019CH13507

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**Summons - Alias Summons**        **(08/01/18) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LaTonia Williams and Dequrvia Williams et al.

       (Name all parties)   Case No.   2019 CH 13507

        v.

Personalizationmall.com, LLC

     ✓ **SUMMONS**   **ALIAS SUMMONS**

To each Defendant:   Please See Attached.

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please        to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

      **Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
        cookcountyclerkofcourt.org

**Summons - Alias Summons**            (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 43682

Atty Name: Law Office of Thomas M. RyanPC

Atty. for: Plaintiffs

Address: 35 E. Wacker Drive, Suite 650

City: Chicago

State: IL    Zip: 60601

Telephone: 312-726-3400

Primary Email: tom@tomryanlaw.com

11/22/2019 9:43 AM DOROTHY BROWN

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 11/22/2019 9:43 AM 2019CH13507

FILED DATE: 11/22/2019 9:43 AM   2019CH13507

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

• Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED DATE: 11/22/2019 9:43 AM   2019CH13507

Please serve the following Defendant in the matter of LaTonia Willaims and Dequrvia Williams, individually and on behalf of all others similarly situated, Plaintiffs v. Personalizationmall.com, LLC, Defendant, Case Bo. 2019 CII 13507, Circuit Court of Cook County, Illinois:

Personalizationmall.com, LLC
c/o Illinois Corporation Service C, Registered Agent for Personalizationmall.com, LLC
801 Adlai Stevenson Drive
Springfield, IL 62703

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 3/20/2020 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
     Cook County, IL

FILED
11/21/2019 3:22 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH13507

7466202

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | | |
|---|---|---|
| **LaTonia Williams and Dequrvia Williams,** | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. **2019CH13507** |
| | ) | |
| v. | ) | |
| | ) | |
| **Personalizationmall.com, LLC,** | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiffs LaTonia Williams and Dequrvia Williams ("Plaintiffs"), individually, and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant, Personalizationmall.com, LLC ("Defendant"), to stop Defendant's capture, collection, use and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 *et seq.*, and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs allege the following upon information and belief, except as to the allegations within Plaintiffs' personal knowledge, and state as follows:

### NATURE OF ACTION

1.    This case concerns Defendant's conduct of capturing, collecting, storing, and using Plaintiffs' and other workers' biometric identifiers and/or biometric information without regard to BIPA and the concrete privacy rights and pecuniary interests Illinois' BIPA protects. Defendant does this in the form of finger scans, which capture a person's fingerprint, and then Defendant uses that fingerprint to identify that same person in the future.

2.    Following the 2007 bankruptcy of a company specializing in the collection and use of biometric information, which risked the sale or transfer of millions of fingerprint records to the

highest bidder, the Illinois Legislature passed detailed regulations addressing the collection, use and retention of biometric information by private entities, such as Defendant.

3.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

4.     Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing and using Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information without written informed consent, in direct violation of the Illinois BIPA. *See* 740 ILCS § 14/10.

5.     Choosing to shun more traditional timekeeping methods, Defendant has instead implemented an invasive program that relies on the capture, collection, storage and use of its workers' fingerprints, while disregarding the applicable Illinois statute and the privacy interests it protects.

6.     Defendant's workers in Illinois have been required to clock "in" and "out" of their work shifts by scanning their fingerprints, and Defendant's biometric computer systems then verify the worker and clock the worker "in" or "out."

7.     Unlike traditional time clock punch cards which can be changed or replaced if lost or compromised, fingerprints are unique, permanent biometric identifiers[1] associated with each

---

[1]     BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's

worker. This exposes Defendant's workforce to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, the workers and individuals have no means by which to prevent identity theft and unauthorized tracking.

8. In recognition of the concern regarding the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, inter alia, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

    a. Inform that person in writing that biometric identifiers or information will be collected or stored;

    b. Inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

    c. Receive a written release from the person for the collection of their biometric identifiers or biometric information; <u>and</u>

    d. Publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

9. BIPA expressly obligates Defendant to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

10. BIPA further obligates Defendant to inform individuals in writing that a biometric identifier or biometric information is being collected or stored; to tell its workers in writing for

---

biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.* Plaintiffs herein use the terms "biometric information" and "biometric identifier" interchangeably.

how long it will store their biometric information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when it will permanently destroy such information.

11.     BIPA makes all of these requirements a precondition to the collection or recording of fingerprints and associated biometric information. Under BIPA, no biometric identifiers or information may be captured, stored or recorded if these pre-capture, pre-collection requirements are not met.

12.     In direct violation of the foregoing provisions, Defendant actively captured, collected, stored, and used, without obtaining informed written consent or publishing its data and retention and deletion policies, the biometrics of hundreds of individuals and workers throughout the State of Illinois whose fingerprints are or were captured and stored for timekeeping purposes.

13.     Defendant fingerprinted workers like Plaintiffs, at their facilities, without properly obtaining the above-described written executed release in violation of Section 15(b)(3) of BIPA, and without making the required disclosures concerning the collection, storage and use or destruction of biometric identifiers or information in violation of Section 15 of BIPA.

14.     The workers' fingerprints are unique to each such worker, and Defendant's capture, collection, and use of those biometric identifiers and information violates each worker's substantive privacy rights protected under BIPA and exposes workers to serious and irreversible privacy risks – risks that BIPA was designed to avoid – including the ever-present risk of a data breach of Defendant's systems exposing workers' biometrics to hackers and other wrongdoers worldwide.

15.     Defendant's practice of collecting fingerprints from its workers is unlawful and a serious invasion of its workers' right to privacy concerning their biometric information. Defendant

4

has failed to provide the required disclosures to inform its workers that it was collecting their biometric identifiers and information, and failed to inform the workers of how long Defendant intended to keep this highly sensitive information.

16.     To the extent Defendant is still retaining Plaintiffs' and other similarly situated individuals' biometric information, such retention is an unlawful and continuing infringement on Plaintiffs and the putative Class members' right to privacy. Unlike a social security number, which can be changed, no amount of time or money can compensate Plaintiffs, and other similarly situated individuals, if their fingerprints are compromised by the lax procedures through which Defendant captures, collects, stores and uses their workers' biometric information, and Plaintiffs would not have provided their fingerprint to Defendant had they known that Defendant would retain such information for an indefinite period without their consent.

17.     Despite the requirements under BIPA and as alleged herein, Defendant's practice of capturing, collecting, storing and using individuals' biometric information without informed written consent violates the individuals' statutorily protected privacy rights under BIPA. Furthermore, Defendant's failure to provide a written policy regarding its schedule and guidelines for the retention and permanent destruction of its workforces' biometric information violates §15(a) of BIPA.

18.     Plaintiffs seek damages and injunctive relief for Defendant's BIPA violations, on behalf of herself and similarly situated individuals in the State of Illinois.

**PARTIES**

19.     At all relevant times, Defendant Personalizationmall.com, LLC has transacted business in Illinois and currently transacts business in Cook County, Illinois and with Cook County, Illinois residents. Defendant conducts business and advertises its business throughout

5

Cook County, Illinois. Defendant is private entity as that term is defined under BIPA. 740 ILCS 14/10.

20. Plaintiff LaTonia Williams is, and has been at all relevant times, a resident and citizen of the State of Illinois. Plaintiff LaTonia Williams worked at Defendant's warehouse in Burr Ridge, Illinois in 2017 and 2018. Plaintiff LaTonia Williams is a resident of Cook County, Illinois.

21. Plaintiff Dequrvia Williams is, and has been at all relevant times, a resident and citizen of the State of Illinois. Plaintiff Dequrvia worked at Defendant's warehouse in Burr Ridge, Illinois in 2017 and 2018. Plaintiff Dequrvia Williams is a resident of Cook County, Illinois.

## JURISDICTION AND VENUE

22. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant are doing business with this State and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiffs' biometric identifiers and/or biometric information in this State.

23. Venue is proper in this Court pursuant to 735 ILCS § 5/2-101 because Defendant does business in Cook County and, thus, resides there under 735 ILCS § 5/2-102. Further, venue is proper because the Plaintiffs are residents of Cook County, Illinois.

## SUBSTANTIVE ALLEGATIONS

24. BIPA defines "biometric identifiers" or "biometric information" as fingerprints, a scan of hand geometry, and any "information" based on such "identifiers" that is used to identify an individual. 740 ILCS § 14/10.

25.     Illinois enacted BIPA to regulate entities that capture, collect, store and use biometric information.

26.     The law is specifically designed to require a company that collects biometrics to meet certain conditions, prior to collecting biometric data in order to inform and protect the person whose biometrics it is taking for its own use, and requires signed, written consent attesting that the individual has been properly informed and has freely consented to biometrics collection.

27.     Under BIPA, private entities may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless they first:

      a.  Inform the person in writing that a biometric identifier or biometric information is being collected;

      b.  Inform the person in writing of the specific purpose and length of time for which a person's biometric identifier and/or biometric information is being captured, collected, stored, and used; and

      c.  Receive a written release executed by the subject of the biometric identifier or biometric information providing consent.

740 ILCS 14/15(b).

28.     Section 15(a) of BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information develop:

      a.  A written policy;

      b.  Available to the public;

      c.  Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

d. Within three years of the individual's last interaction with the private entity, or when the purpose for collecting or obtaining the biometric identifiers and/or biometric information has been satisfied.

29. BIPA provides valuable privacy rights, protections, and benefits to people in the State of Illinois. These requirements ensure that the environment for taking or collecting biometrics is not forced or coerced so that individuals are freely advised that by obtaining one's biometric data, the employer is capturing, extracting, creating and recording biometric data, and that individuals can monitor their biometric usage and history.

30. BIPA provides statutory damages if a company takes an individual's biometric information and invades an individual's privacy by circumventing BIPA's preconditions and requirements.

31. In the context of employment and work, BIPA requires express written consent, not only in order to capture or collect biometrics, but the company collecting, using and/or storing the fingerprint is required to obtain "informed written consent," in the form of "a release executed by an employee." Those formalized protections enable individuals to freely consent to the taking of their biometrics. (740 ILCS 14/10[2]).

32. Defendant requires its workers to scan their fingers to "clock in" and "clock out" of work each day. Defendant does this using biometric timekeeping devices which capture, collect, store and use the workers' fingerprints. These fingerprint scans are distinctive identifiers of each individual and constitute biometric identifiers and information under BIPA.

33. Unlike ID cards or key codes – which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with the

---

[2] Defining "Written release" in the context of employment.

individual. Defendant's policies and action violate workers' substantive privacy rights protected under BIPA and exposes Plaintiffs and other workers to serious and irreversible privacy risks.

34.     The privacy risks associated with a person's biometrics are unparalleled. Such information is more sensitive than a social security number, passport, birth certificate, etc. As such, Illinois' BIPA statute requires private entities to provide certain disclosures and obtain a written release from individuals prior to collecting their biometric identifiers and/or biometric information. Accordingly, BIPA protects an individual's right to be informed with request to the capture, collection, storage and use of their biometric information, allowing them to make more informed decisions as to the circumstances under which they agree to provide their biometric identifiers and/or biometric information.

35.     BIPA mandates that entities such as Defendant that engage in the use of biometric identification systems do so with reasonable safeguards after receiving informed consent to take such biometric information from the individual.

36.     BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.*, 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

37.     Defendant's practice of collecting, capturing, storing, and/or using an individual's biometric information is unlawful under BIPA because such practices fail to satisfy each of the enumerated requirements described above, and therefore severely infringe on its workers' right to privacy with regard to their biometric identifiers and information.

9

## FACTS SPECIFIC TO PLAINTIFFS

38.     Defendant is engaged in the business of designing, producing and distributing for sale via the Internet, framed, engraved and personalized items.

39.     Plaintiff LaTonia Williams worked at Defendant's warehouse in the Northern District of Illinois in 2017 and 2018.

40.     Plaintiff Dequrvia Williams worked at Defendant's warehouse in the Northern District of Illinois in 2017 and 2018.

41.     When Plaintiffs worked at Defendants' warehouse in 2017 and 2018, Defendant collected, use and captured Plaintiffs' and other workers' fingerprints and fingerprints scans. When Plaintiffs worked at Defendants' warehouse in 2017 and 2018, Defendant required individuals and workers, including Plaintiffs, to provide Defendant with their fingerprints, and then, using biometrics, captured or converted Plaintiffs' and other workers' and individuals' fingerprints as a means of identifying and tracking hours worked by the workers and individuals.

42.     Additionally, Defendant used biometric timekeeping devices and required workers and individuals to use them in order to eliminate false-positive identifications such as "buddy clocking" and other forms of timekeeping fraud.

43.     Defendant subsequently scanned and stored Plaintiffs' fingerprint data in its database as a part of the workers' time-clocking process.

44.     Each time Plaintiffs began work, they were required to scan their fingerprint before beginning their job functions. They were also required to scan their fingerprints at the end of their workdays and when they clocked in and out for meal breaks.

45.     Plaintiffs have never been informed in writing that Defendant was capturing, collecting, storing, or using Plaintiffs' biometric information.

10

46.     Plaintiffs has never been informed of any biometric data retention policy developed by Defendant, nor were they ever informed of whether Defendant would ever permanently delete their biometric information.

47.     Plaintiffs were never provided with nor ever signed a written release allowing Defendant to collect or store their biometric information.

48.     Additionally, Defendant did not obtain consent for any transmission to third parties of Plaintiffs' and other workers and individuals' biometrics. To the extent Defendant uses out of state vendors to operate its biometrics program in conformance with biometric industry practice, Defendant has also violated BIPA on each occasion it transmits such information to third parties.

49.     To this day, Plaintiffs are unaware of the status of their biometric information that was obtained by Defendant. Defendant has not informed Plaintiffs whether it still retains their biometric information, and if it does, for how long it intends to retain such information without their consent. Plaintiffs' biometric information is economically valuable and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiffs were not sufficiently compensated by Defendant for the retention of their biometric information and Plaintiffs would not have agreed to work for Defendant, at least not for the compensation they received, had they known that Defendant would retain their biometric information indefinitely.

50.     Upon information and belief, Defendant does not have a policy of informing its workers in any way what happens to their biometric information after it is captured, collected, and obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the information if an individual discontinues working for Defendant, if a facility were to close, or if Defendant were to be acquired, sold, or file for bankruptcy.

51.     By failing to comply with BIPA's mandatory notice, release, and policy publication requirements, Defendant has violated workers' substantive privacy rights protected under BIPA and, as a result, Plaintiffs and similarly situated individuals continuously have been exposed to substantial and irreversible loss of privacy by Defendant's retention of their biometric information without their consent, with such constant and ongoing exposure constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

52.     Plaintiffs bring this lawsuit pursuant to 735 ILCS 5/2-801 on behalf of themselves and a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois at any time within the applicable limitations period.

53.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

54.     **Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but on information and belief exceeds 100, in which case, individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from over 100 individuals who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

55.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and Class, and those questions predominate over any questions that may affect individual members, and frame issues for class-wide adjudication. Common questions for the Class include, but are not necessarily limited to the following:

A. Whether Defendant has a practice of capturing, collecting, storing or using Class members' biometrics;

B. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting and obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendant, whichever occurs first;

C. Whether Defendant obtained an executed written release from fingerprinted workers before capturing, collecting, or otherwise obtaining their biometrics;

D. Whether Defendant obtained an executed written release from fingerprinted workers, before capturing, collecting, converting, sharing, storing or using their biometrics;

E. Whether, in order to collect biometrics, Defendant provided a writing disclosing to workers the specific purposes for which the biometrics are being collected, stored and used;

F. Whether, in order to collect biometrics, Defendant provided a writing disclosing to fingerprinted workers the length of time for which the biometrics are being collected, stored and used;

G. Whether Defendant's conduct violates BIPA;

H. Whether Plaintiffs and the Class are entitled to damages, and what is the proper measure thereof; and

I. Whether Plaintiffs and the Class are entitled to injunctive relief.

56. **Adequate Representation**: Plaintiffs will fairly and adequately represent and

protect the interest of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

57. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economics of time, effort and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Damages)

58. Plaintiffs, individually and on behalf of all others similarly situated, repeat and re-allege the preceding allegations as though fully set forth herein.

14

59.     BIPA is a remedial statute designed to protect individuals, by requiring consent and disclosures associated with the handling of biometrics, particularly in the context of fingerprint technology. 740 ILCS §§ 14/5(g), 14/10 and 14/15(b)(3).

60.     The Illinois General Assembly's recognition of the importance of the public policy and benefits underpinning BIPA's enactment, and the regulation of biometrics collection, is detailed in the text of the statute itself. *E.g.,* 740 ILCS § 14/5(a), (c), (d), (f), (g).

61.     Defendant has been a "private entity" in possession of Plaintiffs' and other workers' and individuals' biometrics, and collected and captured their biometric identifiers and biometric information within the meaning of the Act.

62.     As more fully set forth above, at relevant times Defendant recorded, collected, and stored Plaintiffs' and other individuals' biometric identifiers and biometric information based on those identifiers as defined by BIPA, 740 ILCS § 14/10, through the imposition of biometric time clocks.

63.     Section 14/15(a) of the BIPA provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.  Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

64.     In violation of Section 14/15(a), Defendant failed to make such a written policy publicly available to Plaintiffs and other Class members.

65.     Section 14/15(b) of the BIPA provides that:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information,

unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

66.    In violation of Section 14/15(b), Defendant has collected, captured, stored or obtained Plaintiffs' and other Class members' biometric identifiers and biometric information without:

    I.    informing Plaintiffs and the Class (including, where applicable, their legal authorized representatives), in writing, that their biometric identifiers or biometric information were being recorded, obtained, collected or stored;

    II.    informing Plaintiffs and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term which the biometric identifiers or biometric information were being collected, stored, and used; and

    III.    receiving a written release executed by Plaintiffs and the Class, and executed by them as a condition of employment.

67.    Defendant took Plaintiffs and other Class members' fingerprints, and knowingly caused their biometrics to be captured, collected, recorded, and stored, without making publicly available the required policy that explains, for example, any purpose for which the biometric identifiers and information were collected, a retention schedule, and guidelines for permanently destroying biometric identifiers and information.

68.    As a result of Defendant's above described acts and omissions, Defendant has invaded the privacy of Plaintiffs and the Class; it has unlawfully and coercively taken their

biometrics; it has failed to provide them with information required by BIPA; it has deprived them of benefits, rights, opportunities and decisions conferred and required by the Illinois legislature via BIPA; and it illegally recorded, possessed, converted and stored their fingerprints, biometrics and property.

69.     By collecting, storing, and using Plaintiffs' and the Class' biometric identifiers and biometric information as described herein, Defendant violated the right of Plaintiffs and each Class member to privacy in their biometric identifiers and biometric information.

70.     Additionally, to the extent Defendant has disclosed Plaintiffs' and the Class members' biometric information to any vendors without first obtaining Plaintiffs' and the Class members' written consent, Defendant has further violated BIPA.

71.     Accordingly, Defendant has violated BIPA, and Plaintiffs and the Class have been damages and are entitled to damages available under BIPA, including damages for each violation.

**COUNT II**
**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
**(Injunctive Relief)**

72.     Plaintiffs, individually and on behalf of all others similarly situated, repeat and re-allege the preceding allegations as though fully set forth herein.

73.     BIPA provides for injunctive relief. 740 ILCS § 14/20(4).

74.     Plaintiffs and other Class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

75.     First, Plaintiffs seek an order requiring Defendant to publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiffs' and other workers' biometrics have been collected, stored, and used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information

17

has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS § 14/15(a).

76.     Second, Plaintiffs seek an order requiring Defendant to disclose whether Defendant has retained Plaintiffs' and other workers' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed, consistent with BIPA.

77.     Third, due to the aforementioned facts, and Defendant's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, Defendant should be ordered to: (i) disclose the extent to which it has disseminated, sold, leased, traded, or otherwise profited from Plaintiffs' and other fingerprinted workers' biometric information, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA. 740 ILCS § 14/15(c), (d), (e).

78.     Fourth, Defendant should be enjoined from further BIPA non-compliance, and should be ordered to remedy any BIPA compliance deficiencies forthwith.

79.     Plaintiffs and other Class members' legal interests are adverse to Defendant. There is substantial controversy between Plaintiffs and Defendant warranting equitable relief so that Plaintiffs and the Class may obtain the protections that BIPA entitles them to receive.

80.     Plaintiffs and the Class do not know what Defendant has done (or intends to do) with their stored biometrics. Absent injunctive relief, Defendant is likely to continue their BIPA non-compliance and Plaintiffs and other Class members will continue to be uninformed on their rights under BIPA.

81.     For the reasons set forth above, Plaintiffs are likely to succeed on the merits of their claims.

82.     BIPA establishes the importance, value, and sensitive nature of biometrics, along

18

with the need to protect and control it; Plaintiffs are entitled to know what Defendant has done with it as set forth above, and to an affirmation and verification that it has been permanently destroyed as required by 740 ILCS § 14/15(a).

83.     The gravity of the harm to Plaintiffs and the Class, absent equitable relief, outweighs any harm to Defendant if such relief is granted.

84.     As a result, Plaintiffs request commensurate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray that the Court grant the following relief:

a.     Certify the Class, and designate Plaintiffs as Class representative and their counsel as Class Counsel;

b.     Find that Defendant has violated the Biometric Information Privacy Act, and enter judgment in favor of Plaintiffs and others similarly situated;

c.     Provide commensurate temporary, preliminary and permanent injunctive relief for Plaintiffs and the Class as set forth above;

d.     Award all damages available to Plaintiffs and the Class under applicable law, including statutory damages;

e.     Award Plaintiffs and the certified class all costs and expenses incurred in this action, including reasonable attorneys' fees, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and,

f.     Award Plaintiffs and the certified class such further and other relief the Court deems just and appropriate.

Dated: Nov. 21, 2019

Respectfully submitted,
LaTonia Williams and Dequrvia Williams,
individually and on behalf of all others similarly
situated

By: /s/ Thomas M. Ryan
            One of Plaintiffs' attorneys

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
Tel: 312.726.3400

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
Tel: 312.201.0575