IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONIA WILLIAMS, DEQURVIA WILLIAMS and DERRICK BARNES, individually and on behalf of all others similarly situated, | No. 1:20-cv-00025 |
| | *Consolidated with: No. 1:20-cv-02232* |
| Plaintiff, | Judge Thomas M. Durkin |
| v. | Magistrate Judge Gabriel A. Fuentes |
| PERSONALIZATIONMALL.COM, LLC, | |
| Defendant. | |

**PRELIMINARY APPROVAL ORDER**

On March 15, 2022, Plaintiffs filed an Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion") (ECF Nos. 91 & 92). The Court has considered the Motion, the Class Action Settlement Agreement between Plaintiffs and Defendant ("Settlement Agreement") (ECF No. 92-1), and all related exhibits and attachments and hereby finds and orders as follows:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court recognizes that, should the Settlement not be finally approved, Defendant retains all rights to object to the propriety of class certification in the litigation in all other contexts and for all other purposes, as set forth in the Settlement Agreement. Therefore, if the Settlement is not finally approved, and the litigation resumes, this Court's preliminary findings below (including regarding the propriety of class certification) shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

1

2

3. The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement filed with the Court meets the requirements for preliminary approval as fair, reasonable, and adequate.

4. The Court finds that the Settlement Agreement was negotiated at arm's length between counsel for the Parties who are experienced in class action litigation.

5. The Court finds, on a preliminary basis, that Settlement Class Counsel has adequately represented and conditionally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

6. The Court finds that distribution of notice to the proposed Settlement Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2); and (ii) certify the proposed class for purposes of settlement.

7. For settlement purposes only, Plaintiffs LaTonia Williams, Dequrvia Williams, and Derrick Barnes are appointed as Class Representatives.

8. For settlement purposes only, the following counsel are appointed as Settlement Class Counsel: Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C.; James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C.; and Alejandro Caffarelli and Katherine Stryker of Caffarelli & Associates, Ltd.

9. The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

10. The Court finds that distribution of the proposed Notice of Class Action Settlement and accompanying Claim Form ("Notice") by mail (where reasonably possible), by email (where

reasonably possible), and by targeted digital advertising (as applicable) is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Settlement Class Members with all the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

11. To be eligible to receive Settlement payments, Settlement Class Members must complete and return or postmark for return (or submit, if submitted electronically) a valid Claim Form as described in the Notice, by 11:59:59 p.m., central time, sixty (60) days from the Notice Date ("Response Deadline").

12. Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice, by the Response Deadline. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

13. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14. Any Settlement Class Member who does not request to be excluded from the Settlement may object to the Settlement by filing with the Court and submitting a written statement to the Parties' counsel as described in the Notice, by the Response Deadline.

3

15. Any Settlement Class Member who does not make his/her/their objection to the Settlement in the manner specified in the Notice and in the Settlement Agreement shall be deemed to have waived such objection and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

16. Settlement Class Counsel shall file the Settlement Class Counsel Fee Petition, and their request for the Class Representative's Incentive Award, no later than thirty (30) days from Notice Date. The Settlement Administrator shall post the Fee Petition on the Settlement website.

17. Settlement Class Counsel shall file a motion for final approval of the Settlement by July 6, 2022. The motion for final approval shall include copies of any objections submitted and identify any Class Members who have requested to be excluded from the Settlement.

18. The Court schedules a Final Approval Hearing for July 20, 2022, at 12 p.m., central time, to consider, among other things, (1) whether to finally approve the Settlement, (2) whether to approve Settlement Class Counsel's request for attorney fees and litigation costs, (3) whether to approve the Settlement Administrator's costs, and (4) whether to approve the Settlement Class Representatives' request for an Incentive Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement. Settlement Class Counsel shall ensure the Settlement Administrator posts the Final Approval Hearing details on the Settlement Website.

19. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a final judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

20. All discovery and other proceedings in the litigation as between Plaintiffs and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

Notice to be issued by: April 14, 2022

Settlement Class Counsel Fee Petition to be filed by: May 14, 2022

Response Deadline: 11:59:59 p.m. CT, June 13, 2022

Final Approval Submission: July 6, 2022

Final Approval Hearing: July 20, 2022 at 12 p.m. CT

Dated: March 24, 2022

*Thomas M Durkin*

The Honorable Thomas M. Durkin
United States District Judge

5

ACTIVE.135602616.05