# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LATONIA WILLIAMS, DEQURVIA )
WILLIAMS and DERRICK BARNES, )     No. 1:20-cv-00025
individually and on behalf of all others )
similarly situated, )     Consolidated with: No. 1:20-cv-02232
)
          Plaintiff, )     Judge Thomas M. Durkin
)
      v. )     Magistrate Judge Gabriel A. Fuentes
)
PERSONALIZATIONMALL.COM, LLC, )
)
          Defendant. )

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement in the above-captioned action (the "Action") is made by and between Plaintiffs LaTonia Williams, Dequrvia Williams, and Derrick Barnes ("Plaintiffs"), individually and on behalf of the Settlement Class Members they seek to represent ("Settlement Class" or "Settlement Class Members," as defined below) on the one hand, and Personalizationmall.com, LLC ("Defendant" or "PMall") on the other hand (Plaintiffs and PMall are referred to collectively as the "Parties").

## RECITALS

A.     On November 21, 2019, Plaintiffs LaTonia Williams and Dequrvia Williams filed a putative class action against PMall in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2019-CH-13507 (the "*Williams* Action"). The *Williams* Action alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") related to the Williamses' use of a finger-scanning device while they worked at PMall in 2017 and 2018. PMall began sharing information with the Williamses (through their counsel) regarding PMall's defenses, and on January 2, 2020, PMall removed the case to the United States District Court for the Northern District of Illinois whereupon it was assigned to Judge Thomas Durkin. The information shared by PMall with the Williamses included screenshots of dates and times reflecting when, according to PMall, the Williamses electronically signed BIPA-compliant electronic releases authorizing the scanning of their finger veins and reviewed PMall's BIPA-compliant policy regarding the collection, use, and storage of that information.

B.     On March 4, 2020, before PMall responded to the complaint in the *Williams* Action, Plaintiff Derrick Barnes filed a putative BIPA class action against PMall in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2020-CH-02695 (the "*Barnes* Action"). Barnes worked at PMall in 2019, and the Barnes Action alleged the same fact pattern and claims as the *Williams* Action. On April 9, 2020, PMall removed the *Barnes* Action to the United States

District Court for the Northern District of Illinois whereupon it was assigned to Judge Gary Feinerman.

C.      PMall and counsel for the Williamses conducted a discovery conference and filed an initial status report on March 16, 2020.  But because of the general stays and extensions of deadlines in the Northern District of Illinois as a result of the COVID-19 pandemic, PMall was not required to respond to the complaint in the *Williams* Action until June 4, 2020 and in the *Barnes* Action until June 11, 2020.

D.      On June 4, 2020, PMall filed a Motion to Dismiss or, in the Alternative, Stay the *Williams* Action.

E.      PMall argued in its motion to dismiss that (i) the Williamses' BIPA claims were time-barred by the one-year statute of limitations applicable to privacy claims under 735 ILCS 5/13-201 or, in the alternative, all BIPA claims of any putative class member that accrued within two years of the filing date should be dismissed under 735 ILCS 5/13-202 (governing claims for personal injury and statutory damages); (ii) the Williamses' claims were preempted by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.* ("IWCA") because Plaintiffs alleged accidental and compensable injuries that arose out of and in the course of their employment; and (iii) the Williamses had not adequately pled the state of mind required to recover damages under BIPA.

F.      PMall argued in its motion to stay that the court should stay the case pending the resolution of the appeals in *McDonald v. Symphony Bronzeville, LLC*, No. 1-19-2398 (Ill. App. Ct. 1st Dist.) (addressing whether the IWCA preempts BIPA claims) and in *Tims v. Black Horse Carriers*, No. 1-20-0563 (Ill. App. Ct. 1st Dist.) (addressing whether the five-year "catch-all" limitations period under 735 ILCS 5/13-205 is applicable to BIPA claims).

G.      On June 11, 2020, PMall filed a similar Motion to Dismiss or, in the Alternative, Stay the *Barnes* Action pending the resolution of the *McDonald* and *Tims* cases concurrently with a Motion to Stay the *Barnes* Action under the First-Filed Rule.

H.      Briefing closed on PMall's motion to dismiss/stay the *Williams* Action on June 30, 2020.  On July 7, 2020, before Barnes was required to respond to PMall's motions in the *Barnes* Action, counsel for the Williamses filed a motion to reassign the *Barnes* Action to Judge Durkin and mark it as a related case for coordinated disposition.  PMall did not oppose.  On July 8, 2020, Judge Durkin granted the motion to reassign, and the Parties thereafter agreed that the applicable arguments in the briefing in the *Williams* Action would apply to the *Barnes* Action.

I.      On October 8, 2020, Judge Durkin denied PMall's motion to dismiss and/or to stay. The Parties thereafter conducted a second discovery conference during which the Parties agreed to explore settlement.  Between mid-October and mid-December 2020, the Parties focused their efforts on settlement, agreeing on a mediator (Hon. Judge Morton Denlow (Ret.) of JAMS), identifying information that PMall would share with Plaintiffs' Counsel, setting a date for mediation (February 2, 2021), and participating in a pre-mediation conference with the mediator in mid-December.

J.      While PMall committed to the mediation only after securing the commitment of its insurer representatives to attend and participate in the mediation, those insurer representatives subsequently reconsidered their positions.  After the changed circumstances were communicated to Plaintiffs' Counsel and the mediator in early January 2021, the February 2, 2021 mediation was cancelled.

K.      On February 2, 2021, the Plaintiffs filed a consolidated amended class action complaint consolidating the *Williams* Action and the *Barnes* Action.

L.      On February 12, 2021, the Parties filed a joint status report reflecting the results of their reconvened discovery conference.  On February 23, 2021, PMall filed its answer and affirmative defenses denying all allegations of wrongdoing.  Specifically, and among other things, PMall (1) denied that the system used by the Plaintiffs collected a "fingerprint"; (2) denied that Plaintiffs had not signed a BIPA-compliant written release authorizing the collection of finger-vein information using a finger-scanning device; (3) denied that PMall did not have a BIPA-compliant policy for the collection, use, and storage of any biometric information collected using the finger-vein scanning device; and (4) denied that PMall shared any such finger-vein information with any third party.

M.      Discovery thereafter commenced, and the Parties exchanged initial disclosures and written discovery requests.  During discovery, the Parties continued to discuss the possibility of a mediated settlement.  On June 24, 2021, the Parties reported to Judge Durkin that they had once again agreed to mediate and had engaged Hon. Judge Stuart E. Palmer (Ret.) of JAMS for a full-day Zoom mediation.

N.      In advance of the mediation, PMall explained to Plaintiffs' Counsel that the time-keeping system used by Plaintiffs was a proprietary system that used a finger-*vein* scanner (which PMall contended was not covered by BIPA's definitions of "Biometric Identifier" and "Biometric Information") and provided to Plaintiffs' Counsel the number of entries in the PMall database reflecting registrations for the finger vein-based timekeeping system.  The Parties also exchanged substantial mediation briefs setting forth the specific bases for their claims and defenses and the substance of expected testimony from fact and expert witnesses.

O.      On October 26, 2021, the Parties participated in an eleven-hour Zoom mediation with Judge Palmer.  The mediation and negotiations conducted with Judge Palmer resulted in the Parties reaching a settlement agreement in principle.  The Parties now memorialize their settlement in this Settlement Agreement.

P.      Plaintiffs and Plaintiffs' Counsel have conducted a comprehensive examination of the law and facts relating to the allegations and defenses.  Plaintiffs believe that the claims asserted in the Action have merit, that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that they would have prevailed on the merits at summary judgment or at trial. However, Plaintiffs and Plaintiffs' Counsel recognize that PMall has raised unique factual and legal defenses in the Action that present a significant risk that Plaintiffs would not prevail and/or that a class would not be certified for trial.  Plaintiffs and Plaintiffs' Counsel have also considered the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation.

ACTIVE.134942030.08

Plaintiffs and Plaintiffs' Counsel believe that this Settlement presents an exceptional result for the Settlement Class, and one that will be provided to the Settlement Class without delay. Plaintiffs and Plaintiffs' Counsel are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiffs and the Settlement Class. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.

Q. PMall denies all allegations of wrongdoing and liability, including that its finger vein-based timekeeping system is subject to BIPA; that Plaintiffs did not sign a BIPA-compliant written release authorizing the collection of information using a finger vein scanner; that PMall did not have a BIPA-compliant policy for the collection, use, and storage of any biometric information collected using the finger vein scanner; and that PMall shared any such information with any third party. PMall believes that the claims asserted in the Action are without merit, that it would have ultimately succeeded in defeating adversarial certification of the proposed Settlement Class, and that it would have prevailed on the merits at summary judgment or at trial. However, PMall recognizes that the quantum of statutory damages available combined with the uncertainty inherent in litigation, along with the time and cost of protracted litigation, makes settlement here desirable.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and PMall that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## SETTLEMENT TERMS

**1. DEFINITIONS.** As used herein, in addition to any definitions of capitalized terms set forth elsewhere in this Settlement Agreement, the following capitalized terms shall have the meanings set forth below.

**1.1.** "**Action**" shall mean the class action lawsuit pending in the United States District Court for the Northern District of Illinois captioned *Latonia Williams, Dequrvia Williams and Derrick Barnes, individually and on behalf of all others similarly situated, v. Personalizationmall.com, LLC*, Case No. 1:20-cv-00025, consolidated with Case No. 1:20-cv-02232.

**1.2.** "**Approved Claim**" shall mean a Claim Form submitted by a Settlement Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Settlement Agreement, (b) is complete and signed (physically or electronically) by the Settlement Class Member, and (c) otherwise satisfies all conditions of eligibility for a Settlement Payment as set forth in this Settlement Agreement.

ACTIVE.134942030.08

**1.3.** "**Claim Form**" shall mean the claim form document that is provided to all Class Members by the Settlement Administrator, substantially in the form attached hereto as part of Exhibit 2.

**1.4.** "**Court**" shall mean the United States District Court for the Northern District of Illinois and the Honorable Judge Thomas M. Durkin, or any judge sitting in his stead.

**1.5.** "**Defendant**" shall mean Personalizationmall.com, LLC.

**1.6.** "**Defendant's Counsel**" or "**PMall's Counsel**" shall mean Justin Kay and Sophie Gotlieb of Faegre Drinker Biddle & Reath LLP.

**1.7.** "**Fee Award**" shall mean the award of fees and reimbursement of expenses incurred in this Action and ordered by the Court to be paid out of the Gross Fund to Settlement Class Counsel.

**1.8.** "**Final Approval Hearing**" shall mean the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, adequate, and made in good faith, and approving the Fee Award to Settlement Class Counsel and the Incentive Award to the Settlement Class Representatives. If required by orders of the Court, the Final Approval Hearing may be held remotely by telephone or videoconference.

**1.9.** "**Final Approval Order**" shall mean the Court's order finally approving the Settlement, substantially in the form set forth in this Settlement Agreement.

**1.10.** "**Gross Fund**" shall mean the four million five hundred thousand dollars ($4,500,000.00) that PMall will pay or will cause to be paid in exchange for the releases set forth herein. In no event shall PMall's payment obligations under this Settlement Agreement exceed this amount.

**1.11.** "**Incentive Award**" shall mean an amount no greater than seven thousand five hundred dollars ($7,500.00) to be sought by each Settlement Class Representative in recognition of his/her contributions in this Action.

**1.12.** "**Maximum Notice and Settlement Administration Costs**" shall mean one hundred thousand dollars ($100,000).

**1.13.** "**Net Fund**" shall mean the Gross Fund minus the following deductions, which are subject to Court approval: the Fee Award; the Settlement Administrator's costs; and the Incentive Award.

**1.14.** "**Notice Date**" shall mean the date by which the Notice of Settlement is first sent to the Settlement Class.

**1.15.** "**Notice of Settlement**" shall mean the document provided to all Class Members by the Settlement Administrator, substantially in the form attached hereto as part of Exhibit 2, informing them of the Settlement and their rights pursuant to the Settlement.

1.16. "**Parties**" shall mean Plaintiffs and Defendant, collectively.

1.17. "**Plaintiffs**" shall mean Latonia Williams, Dequrvia Williams, and Derrick Barnes.

1.18. "**Preliminary Approval Order**" shall mean the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form set forth in this Agreement.

1.19. "**Qualified Settlement Fund**" or "**QSF**" means a qualified settlement fund that will be held as a separate trust as described by applicable Treasury Regulations.

1.20. "**Released Parties**" shall mean PMall; Bed Bath and Beyond Inc.; and 1-800-Flowers.com, Inc. and each of their respective past, present, and future owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, independent contractors, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors.

1.21. "**Releasing Settlement Class Members**" means the Settlement Class Representatives and all Settlement Class Members, and each of their predecessors, successors, children, spouses, beneficiaries, heirs, executors, conservators, administrators, and assigns, and anyone claiming by, through or on behalf of them, and excluding any Settlement Class Member who submits a timely and valid request to be excluded from the Settlement Class.

1.22. "**Response Deadline**" shall mean 11:59:59 p.m., central time, sixty (60) days from the Notice Date.

1.23. "**Settlement**" shall mean the terms set forth in this Settlement Agreement, collectively.

1.24. "**Settlement Agreement**" shall mean this Class Action Settlement Agreement.

1.25. "**Settlement Administrator**" shall mean, subject to Court approval, Analytics Consulting LLC, which will perform the duties specified herein.

1.26. "**Settlement Class**" shall mean all individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

1.27. "**Settlement Class Counsel**" shall mean Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C.; James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C.; and Alejandro Caffarelli and Katherine Stryker of Caffarelli & Associates, Ltd.

1.28. "**Settlement Class Counsel Fee Petition**" shall mean the petition submitted by Settlement Class Counsel seeking an award of fees and reimbursement of expenses incurred in this Action.

1.29. "**Settlement Class Member**" shall mean each member of the Settlement Class.

1.30.  "**Settlement Class Participants**" shall mean Settlement Class Members who timely return valid claim forms.

1.31.  "**Settlement Class Representatives**" shall mean Plaintiffs in their capacity as representative parties of the Settlement Class.

1.32.  "**Settlement Effective Date**" shall mean one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, the date of completion of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand) in a manner that finally affirms and leaves in place the Final Approval Order without any material modification; or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

1.33.  "**Settlement Payment**" shall mean each Settlement Class Participant's *pro rata* share of the Net Fund.

1.34.  "**Settlement Website**" shall mean the website to be created, launched, and maintained by the Settlement Administrator.  The Settlement Website will provide access to relevant settlement administration documents, including the Notice of Settlement, certain case documents, and other relevant material.  The URL of the Settlement Website shall be agreed to by the Parties after consultation with the Settlement Administrator.

**2.  INADMISSIBILITY, NON-ADMISSION, AND DENIAL OF LIABILITY**

PMall denies liability for the claims asserted in this Action. Neither the Settlement documents nor any other item pertaining to the Settlement contemplated herein (whether the Settlement is approved and consummated, or not) shall be offered in any other case or proceeding for any purpose whatsoever, including as evidence of any admission by the Released Parties of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiffs that they would not have prevailed on liability on any of their claims. No statements or stipulations by PMall or Plaintiffs contained in the Settlement Agreement or any document pertaining to the Settlement is or should be deemed, described, construed, offered, or received as an admission with respect to the merits or liability—such statements and stipulations are made for settlement purposes only. Whether this Settlement is approved and consummated or not, nothing contained herein shall be construed as a waiver by the Released Parties of any defenses (including the contention that the finger-vein based timekeeping system is not subject to BIPA and that PMall was nevertheless compliant with BIPA, or that class certification is not appropriate or is contrary to law in this Action), or by Plaintiffs of any of their claims (including their contention that class certification is appropriate in this Action).  However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties.

ACTIVE.134942030.08

## 3. CERTIFICATION OF THE SETTLEMENT CLASS

**3.1.** Settlement Class Counsel shall request that the Court enter a certification order and certify for settlement purposes only the Settlement Class, defined as:

> All individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

There are 20,393 entries in the PMall database reflecting registrations to use the finger-vein based timekeeping system. The actual number of unique users is less than number of registrations, meaning that the number of Settlement Class Members can be no greater than 20,393. This Settlement is conditioned on the Court's certifying the Settlement Class for settlement purposes.

**3.2.** The form of the class certification order shall, subject to Court approval, expressly state that the Parties agree that certification of the Settlement Class is a conditional certification for settlement purposes only, and that PMall retains its right to object to certification of this Action if the Settlement is not approved, and to certification of any other class action, under any applicable rule, statute, law, or provision.

**3.3.** It is further expressly agreed that any certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the Court, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party shall retain all of its respective rights as they existed prior to execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying attachments or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Action. The Parties and Settlement Class Counsel further agree that, other than to effectuate the settlement of this Action in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying attachments and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against PMall or any of the other Released Parties.

## 4. SETTLEMENT RELIEF AND FUNDS

**4.1.** PMall will pay or cause to be paid the amount of the Gross Fund to settle the claims of Settlement Class Members. The Gross Fund is the maximum amount that PMall shall be obligated to pay under this Settlement.

**4.2.** The Net Fund shall be distributed *pro rata* to Settlement Class Participants. Because of this method of allocation, there will be no unclaimed funds in the Settlement and no portion of the Gross Fund shall revert to Defendant.

**4.3.** Defendant shall transfer the required portions of the Gross Fund to a Qualified Settlement Fund to be held as a separate trust as described by applicable Treasury Regulations. The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance

with the terms herein in conjunction with its preliminary approval of the Settlement and Notice of Settlement as described in the Agreement. The Court shall retain jurisdiction over the administration of the QSF. The Settlement Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Settlement Class Participants and Settlement Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Defendant or Settlement Class Counsel to seek redress for any breach of the terms thereof.

4.4. The Settlement Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of applicable Treasury Regulations. Releasing Settlement Class Members who receive a Settlement Payment shall be responsible for payment of appropriate federal, state, and local income taxes on any claim paid out pursuant to this Agreement.

## 5. RELEASE OF CLAIMS

5.1. **Specific Release by Settlement Class Members.** Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release the Released Parties from all claims arising out of the allegations in the Consolidated Class Action Complaint in the Action, including claims that were litigated in the Action or that could have been brought in the Action, whether known or unknown, arising from or related to the same nucleus of facts, or that relate in any way to Plaintiffs' and the Settlement Class Members' Biometric Information or Biometric Identifiers (as those terms are defined in BIPA) or to data generated by measurements of their biological, physical, or behavioral patterns or characteristics, or to the possession, collection, capture, purchase, receipt, obtainment, sale, lease, trade, profit, disclosure, redisclosure, dissemination, use, storage, transmission, protection, or deletion of their Biometric Information, of their Biometric Identifiers, or of their biological, physical, or behavioral patterns or characteristics.

5.2. **General Release by Settlement Class Representatives.** Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Settlement Class Representatives release the Released Parties from any and all claims or causes of action, whether known or unknown, they could have asserted against the Released Parties from the beginning of time through the date of Final Approval. Specifically, the Settlement Class Representatives knowingly and voluntarily release and forever discharge, to the full extent permitted by law, the Released Parties of and from any and all claims, known and unknown, asserted and unasserted, the Settlement Class Representatives have or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of: Sections 1981 through 1988 of Title 42 of the United States Code (as amended); 42 U.S.C. §2000a; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; as amended; the Family and Medical Leave Act of 1993, as amended; the Immigration Reform and Control Act, as amended; the Equal Pay Act, as amended; the Americans with Disabilities Act, as amended; the Employee Retirement Income Security Act; the Genetic Information Nondiscrimination Act of 2008; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Dodd-Frank Wall Street

ACTIVE.134942030.08

Reform and Consumer Protection Act; the Sarbanes-Oxley Act of 2002; the Illinois Human Rights Act of 1964 (as amended); the Illinois Whistleblower Act; BIPA; any and all Illinois laws relating to the payment of wages; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; and any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters. Notwithstanding the above, nothing in this section is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.

## 6. PRELIMINARY APPROVAL OF THE SETTLEMENT

**6.1.** No later than March 15, 2022 (or such other date specified by the Court), the Settlement Class Counsel shall file a motion for preliminary approval of the Settlement.

**6.2.** The motion shall be accompanied by this Settlement Agreement and the materials attached hereto and shall move the Court to enter the Preliminary Approval Order preliminarily approving the Settlement. The Preliminary Approval Order (a proposed copy of which is attached hereto as Exhibit 1) shall include, among other provisions, requests that the Court:

**a.** Appoint Plaintiffs as Settlement Class Representatives for settlement purposes only;

**b.** Appoint Settlement Class Counsel to represent the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

**c.** Preliminarily certify the Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

**d.** Preliminarily approve this Settlement for the purpose of disseminating the Notice of Settlement as set forth herein;

**e.** Approve the form and content of the Notice of Settlement and the methods for disseminating the Notice of Settlement to the Settlement Class; and,

**f.** Schedule the Final Approval Hearing to review comments regarding or objections to this Settlement; consider its fairness, reasonableness, and adequacy pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure; consider the Settlement Class Counsel Fee Petition and request for an Incentive Award to each of the Settlement Class Representatives; and consider whether the Court shall issue a Final Approval Order approving this Settlement and dismissing the Action with prejudice.

## 7. SETTLEMENT ADMINISTRATION AND NOTICE

**7.1. Settlement Administrator.** The parties have selected Analytics Consulting LLC to act as the Settlement Administrator and to provide Notice to the Settlement Class Members and administer this Settlement. The Settlement Administrator's costs shall be paid from the Gross Fund. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to effectuate the administration of the Settlement.

**7.2. Notice.** The Notice of Settlement and Claim Form shall be provided to Settlement Class Members using mailing addresses, email addresses, targeted digital advertising, and a website, according to the following procedures:

**a.** ***Mailed Notice to Settlement Class Members***. On the timetable specified in Section 9 of this Settlement Agreement, the Settlement Administrator shall send a copy of the Notice of Settlement and Claim Form, substantially in the form of Exhibit 2 attached hereto, to the Settlement Class Members for whom it has a mailing address via First Class U.S. mail. The Notice of Settlement and Claim Form will be mailed using the most current mailing address for Settlement Class Members. If PMall possesses or was able after reasonable effort to obtain mailing addresses for Settlement Class Members, the Settlement Administrator shall obtain the most current mailing addresses by running each such Settlement Class Member's name and mailing address through the National Change of Address (NCOA) database or comparable databases. For the Settlement Class Members for whom PMall does not possess and was unable after reasonable effort to obtain mailing addresses but for whom PMall does possess or was able after reasonable effort to obtain telephone numbers, the Settlement Administrator shall obtain the most current mailing addresses by using third party data sources that associate a mailing address with each such name and telephone number and, as necessary, run each such name and mailing address through the NCOA database or comparable databases. The front of the envelopes containing the Notice will be marked with words identifying the contents as important documents authorized by the Court and time sensitive. The mailing shall include a pre-paid envelope for Settlement Class Members to return the Claim Form. For Settlement Class Members whose notices are returned as undeliverable with a forwarding address, the Settlement Administrator shall promptly mail the Notice to that address. For Settlement Class Members whose notices are returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly run a search in Accurint or a similar database search to locate an updated mailing address and shall promptly mail the notice to the updated address. If after this second mailing, the Notice and Claim Form are again returned as undelivered, the notice mailing process shall end for that Settlement Class Member (unless he or she provides updated contact information as provided in Section 7.2.b, below). No earlier than thirty (30) days after the initial mailing, the Settlement Administrator shall send a reminder postcard to all Settlement Class Members who have not yet returned a valid and timely Claim Form.

**b.** ***Updated Contact Information***. Settlement Class Members should contact the Settlement Administrator to update their mailing addresses. Settlement Class Counsel will forward any updated contact information they receive from Settlement Class Members to the Settlement Administrator. The Settlement Administrator will reissue the Notice of Settlement and Claim Form to any Settlement Class Members who provide updated contact information prior to the Response Deadline.

**c.** ***Email Notice***. On the timetable specified in Section 9 of this Settlement Agreement, and for Settlement Class Members who provide an email address or for the Settlement Class Members for whom an email address is provided to the Settlement Administrator by PMall, the Settlement Administrator shall email notice as described in this Section. The subject of this email shall state: "Legal Notice: Finger Vein Scan Lawsuit Settlement." The body of the email shall state as follows:

Personalizationmall.com, LLC has settled a class action lawsuit that claims it collected biometric identifiers and biometric information from Illinois workers in violation of Illinois law. To review the Notice of Class Action Settlement and submit a Claim Form to receive a settlement payment, please visit the settlement website: (with the agreed-upon URL to be inserted here).

No earlier than thirty (30) days after sending the initial email notice, the Settlement Administrator shall send a reminder email to Settlement Class Members who provide an email address/for whom an email address is provided to the Settlement Administrator who have not yet returned a Claim Form. The subject of this email shall state: "Reminder: Deadline to Submit Claim in Finger Vein Scan Lawsuit Settlement." The body of the email shall state:

You previously received an email about the settlement of a class action lawsuit that claims Personalizationmall.com collected biometric identifiers and biometric information from Illinois workers in violation of Illinois law. The deadline for you to return a Claim Form and request a settlement payment is [insert 30 days from email distribution]. You can return a Claim Form through the settlement website (with the agreed-upon URL to be inserted here).

    **d.**    ***Targeted Digital Advertising Notice***. For the Settlement Class Members for whom PMall does not possess and was unable to obtain through reasonable effort a mailing address, an email address, or a telephone number, the Settlement Administrator shall use the information provided by PMall for a Settlement Class Member (such as the name, city, state, and/or zip code) for targeted digital advertising of the Settlement via social media (*e.g.*, Facebook, Instagram) that shall direct recipients of the advertising to the Settlement Website. The content of the advertisement shall state:

Personalizationmall.com, LLC has settled a class action lawsuit that claims it collected biometric identifiers and biometric information from Illinois workers in violation of Illinois law. To review the Notice of Class Action Settlement and submit a Claim Form to receive a settlement payment, please visit the settlement website: (with the agreed-upon URL to be inserted here).

    **e.**    ***Website Notice***. The Settlement Administrator shall design, launch, and administer the Settlement Website. The Settlement Website shall provide the contact information for Settlement Class Counsel and describe how Settlement Class Members may obtain more information about the Settlement and will include a mechanism to complete and securely submit an electronic Claim Form.

    **7.3.**    **Procedure for Submitting Claims.** The Notice of Settlement and Claim Form shall state that Settlement Class members must return a Claim Form on or before the Response Deadline to receive a Settlement Payment. Settlement Class Members may return a Claim Form in a pre-paid return envelope or electronically through the Settlement Website. Settlement Class Counsel shall include data in its final approval motion about the number of Claim Forms that were returned. The Settlement Class Representatives are not required to submit a Claim Form to receive a Settlement Payment.

    **7.4.**    **Procedure for Paying Claims.** Settlement Class Members shall have until the Response Deadline to submit Claim Forms. Each Settlement Class Member who submits an

ACTIVE.134942030.08

Approved Claim shall be entitled to a Settlement Payment pursuant to this Settlement Agreement. These payments shall be made via check that shall be valid for one hundred eighty (180) days from the date of issuance. The check shall be mailed to the address specified by each Settlement Class Participant on his/her/their Approved Claim Form.

      **7.5.**     **Procedure for Objecting.** The Notice of Settlement shall state that any Settlement Class Member who wishes to object to the Settlement must, before the Response Deadline, file such objection with the Court and email a copy of the objection to Settlement Class Counsel and PMall's Counsel. For an objection to be considered by the Court, an objection must (i) be signed personally by the Settlement Class Member submitting the objection (not just by an attorney submitting the objection on behalf of the Settlement Class Member); (ii) include the full name, current address, and current telephone number of the objecting Settlement Class Member; (iii) include a statement of the specific grounds for the objection; (iv) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing and disclose the identity of all counsel who represent the objector and/or will appear at the Final Approval Hearing; and (v) enclose copies of any documents that the objector wishes to submit in support of his/her/their position. Any Settlement Class Member who fails to timely file an objection with the Court and notice of his/her/their intent to appear at the Final Approval Hearing in accordance with the terms of this section and as detailed in the Notice of Settlement, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his/her/their objections and be forever barred from making any such objections in the Action or any other action or proceeding related to the Released Claims.

      **7.6.**     **Procedure for Requesting Exclusion.** The Notice of Settlement shall state that any Settlement Class Member who wishes to exclude him/her/themself from the Settlement Class must submit any such exclusion request in writing via mail or email, postmarked (in the case of mail) or time-stamped as sent (in the case of email) before the Response Deadline, to the Settlement Administrator. For a request for exclusion to be considered by the Court, a request for exclusion must (i) be signed personally by the Settlement Class Member submitting the exclusion request (not by an attorney submitting the exclusion request on behalf of the Settlement Class Member); (ii) include the full name, current address, and current telephone number of the Settlement Class Member requesting exclusion; and (iii) include a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class. A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice of Settlement, or that is not postmarked or electronically delivered to the Settlement Administrator by the Response Deadline, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Releasing Settlement Class Members by this Settlement Agreement (provided that it is approved).

        **a.**     Any Settlement Class Member who validly excludes himself/herself/themself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement.

**b.** No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**c.** If a Settlement Class Member submits both an exclusion request and a Claim Form, the Settlement Administrator shall contact the Settlement Class Member to determine whether he/she/they intended to request exclusion or submit a Claim. If the Settlement Administrator contacts the Settlement Class Member and is unable to communicate with him/her/them, the Claim Form will govern and the exclusion request will be considered invalid. No later than three (3) days after receiving a request for exclusion, the Settlement Administrator shall furnish to Settlement Class Counsel and PMall's Counsel a copy of that request for exclusion.

**7.7.    Procedure for Auditing Claims and Requests for Exclusion.** The Settlement Administrator, Settlement Class Counsel, and PMall shall together determine the validity of claims and requests for exclusion in the following manner:

**a.** No later than seven (7) days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with a report that discloses (i) the total number of claims and requests for exclusion received; (ii) the total number of claims and requests for exclusion that were received but not submitted by the Response Deadline (if any); and (iii) the total number of claims and requests for exclusion that, in the judgment of the Settlement Administrator, should not be deemed valid, and for each such claim and request for exclusion, why. (To the extent that additional claims and requests for exclusion are received after furnishing such report, the Settlement Administrator shall timely update such report up through the date of the Final Approval Hearing.)

**b.** No later than seven (7) days after the Settlement Administrator provides the above-referenced report, Settlement Class Counsel and PMall's Counsel shall meet and confer regarding any issues that either Settlement Class Counsel or PMall's Counsel believes need to be raised with the Settlement Administrator regarding the claims and requests for exclusion. Settlement Class Counsel and PMall's counsel agree to use their best efforts to resolve any disputes.

**c.** If the Parties so agree, the Parties may request the Settlement Administrator to conduct reasonable follow-up with a particular Settlement Class Member or instruct the Settlement Administrator to take other reasonable steps as agreed to by the Parties to determine the validity of any claims or requests for exclusion.

**d.** Neither Plaintiffs nor Settlement Class Counsel shall use the Claim Forms or exclusion requests, or any information contained in the Claim Forms or exclusion requests, for any purpose other than those specifically set forth herein, and shall not disclose the Claim Forms or exclusion requests, nor any information contained in the Claims Forms or exclusion requests, to any other person or entity other than as set forth in this Agreement.

**7.8.    Additional Duties of the Settlement Administrator.** In addition to the duties set forth above and herein, the Settlement Administrator shall have the following additional duties:

**a.** Maintain all such records as required by applicable law in accordance with its business practices. Such records shall be made available to Settlement Class Counsel and

PMall's Counsel upon request, except that Plaintiffs and Settlement Class Counsel shall not have access to the Class List provided by PMall (or data from the Class List).

> **b.** Provide such reports and data as may be requested by the Court.

> **c.** Provide reports every other week to Settlement Class Counsel and PMall's Counsel regarding the delivery of the Notice of Settlement, the number of Claim Forms submitted, the number of Approved Claims, the number of requests for exclusion, and such other developments as may be needed to help ensure the efficient administration and implementation of the Settlement.

> **d.** If required and/or if the individual settlement payments exceed the reporting threshold, print, mail and process IRS Form 1099s to Settlement Class Members who submit timely and valid claim forms.

## 8. FINAL APPROVAL OF THE SETTLEMENT

**8.1.** After the Notice of Settlement is disseminated to the Settlement Class pursuant to this Settlement Agreement, Settlement Class Counsel shall file a Motion for Final Approval.

**8.2.** The Motion for Final Approval shall move the Court to enter the Final Approval Order finally and forever approving the Settlement. The Final Approval Order shall include, among other provisions, requests that the Court:

> **a.** Find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits.

> **b.** Approve the Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

> **c.** Find that the Settlement Class Representatives and Settlement Class Counsel adequately represented the class.

> **d.** Find that the Settlement was negotiated at arm's length.

> **e.** Find that the relief provided to the class is adequate taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing class-member claims; (iii) the terms of the Settlement Class Counsel Fee Petition, including the timing of payment; and (iv) the terms of any agreement made in connection with the Settlement (to the extent any such additional agreements exist).

> **f.** Find that the Settlement treats Settlement Class Members equitably relative to each other.

> **g.** Find that the Notice of Settlement was implemented pursuant to the Agreement and that such Notice of Settlement was the best notice that was practicable under the

ACTIVE.134942030.08

circumstances and consistent with Due Process to inform Settlement Class Members of their rights to submit a claim, object, or exclude themselves; how to appear at the Final Approval Hearing; and how to follow up with Settlement Class Counsel and the Settlement Administrator.

       **h.**    Incorporate the releases above, make the releases effective on the Settlement Effective Date, and forever discharge the Released Parties as set forth herein.

       **i.**    Dismiss the Action in its entirety with prejudice without awarding costs to the Parties except as provided in this Agreement, but without affecting the finality of the judgment, and state that the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith.

       **j.**    Permanently bar and enjoin all Releasing Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

       **k.**    Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and its implementing documents (including this Settlement Agreement all Exhibits thereto) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members.

**9.**    **TIMELINE**

    The Parties contemplate the following timeline for the approval and effectuation of the Settlement:

    **9.1.**    **Motion for Preliminary Approval.**  No later than March 15, 2022 (or such other date specified by the Court), the Settlement Class Representatives shall file a motion for preliminary approval of the Settlement.

    **9.2.**    **Class Data.**  No later than seven (7) days after the Court grants preliminary approval of the Settlement, PMall shall provide the Settlement Administrator with a "Class List" in Microsoft Excel spreadsheet format for purposes of furnishing the Notice of Settlement. The Class List shall include the data that is available in the following data fields for the 20,393 registrations associated with the PMall finger vein-based timekeeping system: "firstname," "middle initial," "lastname," "address1," "address2," "city," "state," "zip," "homePhone," "cellPhone," and "altEmail."

    **9.3.**    **Notice and Administration Costs.**  No later than the later of fourteen (14) days after either the Court grants preliminary approval of the Settlement or PMall receives the information needed from the Settlement Administrator to initiate such transfer, PMall shall initiate or cause to be initiated a transfer of funds to the Qualified Settlement Fund in the amount of the Maximum Notice and Settlement Administration Costs.

ACTIVE.134942030.08

**9.4.  Settlement Website.**  No later than seven (7) days after the Maximum Notice and Settlement Administration Costs are received in the Qualified Settlement Fund, the Settlement Administrator shall launch the Settlement Website.

**9.5.  Notice Date.**  No later than fourteen (14) days after receiving the Class List, the Settlement Administrator shall, in accordance with Section 7.2, mail (to the extent there is a mailing address in the Class List or one can be determined from the Class List) and email (to the extent there is an email address in the Class List or one can be determined from the Class List) the Notice of Settlement and Claim Form in English and in Spanish to every person on the Class List, and also initiate the targeted digital notice.

**9.6.  Reminder Notice.**  No earlier than thirty (30) days after Notice Date, the Settlement Administrator shall send the reminder email and postcard notice communication described in Section 7.2.a and Section 7.2.c to Settlement Class Members who have not returned a Claim Form (assuming such forms of contact information exist for such Settlement Class Members).

**9.7.  Response Deadline.**  No later than sixty (60) days after the Notice Date, Settlement Class Members shall submit a Claim Form, file an objection, or submit a request for exclusion. Any Claim Form, objection, or request for exclusion not submitted by the Response Deadline may be deemed invalid.

**9.8.  Audit.**  No later than seven (7) days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with information required pursuant to Section 7.8.a.

**9.9.  Meet and Confer.**  No later than seven (7) days after the Settlement Administrator provides the above-referenced report, Settlement Class Counsel and PMall's counsel shall meet and confer pursuant to Section 7.8.b if and as necessary.

**9.10.  Fee Petition.**  No later than thirty (30) days from the Notice Date, Settlement Class Counsel shall file their Settlement Class Counsel Fee Petition and the request for the Settlement Class Representatives' Incentive Awards.  Upon filing, Settlement Class Counsel shall provide copies to the Settlement Administrator to be posted on the Settlement Website.

**9.11.  Motion for Final Approval.**  No later than fourteen (14) days before the Final Approval Hearing (or such other date as set by the Court), Settlement Class Counsel shall file a Motion for Final Approval.

**9.12.  Funding the Balance of the QSF.**  No later than fourteen (14) days after the Settlement Effective Date, PMall will pay or cause to be paid into the QSF the balance of the Gross Fund (*i.e.*, the $4,400,000 remaining to be paid after the earlier payment into the QSF of the Maximum Notice and Settlement Administration Costs).

**9.13.  Payments to Settlement Class.**  No later than twenty-eight (28) days after the Settlement Effective Date, the Settlement Administrator will mail or deliver the following payments: (i) Settlement Payments to Settlement Class Participants; and (ii) Incentive Awards to the Settlement Class Representatives.

**9.14. Payment to Settlement Class Counsel.** No later than twenty-eight (28) days after the Settlement Effective Date, the Settlement Administrator will also mail or deliver the Fee Award to Settlement Class Counsel.

**9.15. Escheat.** No earlier than two hundred one (201) days from the date of issuance of any check to Settlement Class Participants (*i.e.*, no earlier than twenty-one (21) days after the checks are no longer valid), the Settlement Administrator shall deliver to the State of Illinois as unclaimed property the funds from any uncashed checks.

## 10. TAX TREATMENT OF SETTLEMENT PAYMENTS

For income tax purposes, the Parties agree that, if required by law, the Settlement Class Participant Settlement Payments shall be allocated as non-wage income and shall not be subject to required withholdings and deductions. The Settlement Class Representatives' Incentive Awards shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class Participant an IRS Form 1099 reflecting the amount of their settlement check. Settlement Class Participants shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

## 11. ATTORNEYS' FEES AND COSTS

**11.1.** Settlement Class Counsel intends to request that the Court award them up to one-third (1/3) of the Gross Fund (after subtracting the Incentive Awards, costs, and costs of notice and settlement administration) as attorneys' fees and, additionally, their litigation expenses, which are approximately seven thousand three hundred dollars ($7,300.00).

**11.2.** PMall reserves the right to challenge the amounts to be sought as a Fee Award in the Settlement Class Counsel Fee Petition. In the event that the Court does not approve the Settlement Class Counsel Fee Petition, or the Fee Award is an amount less than that requested in the Settlement Class Counsel Fee Petition, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for rendering the Settlement null, void, or unenforceable.

**11.3.** Provided that the Settlement Class Counsel Fee Petition is consistent with the Settlement Agreement, Settlement Class Counsel may appeal the Fee Award should the sum awarded by the Court fall below the amount requested by Settlement Class Counsel. If Settlement Class Counsel elects to appeal the Fee Award, the payments otherwise due pursuant to Sections 9.12, 9.13, and 9.14 stemming from the Court's Final Approval order shall not be due because all conditions precedent to the Settlement Effective Date shall not have occurred. If Settlement Class Counsel elects not to appeal the Fee Award or if the appeals court affirms the Fee Award, only the Fee Award will be deemed to be Settlement Class Counsel's attorneys' fees and litigation expenses for purposes of this Settlement Agreement. Any amounts for Settlement Class Counsel's attorneys' fees and litigation expenses not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants.

**11.4.** The payment of the Fee Award to Settlement Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees or litigation expenses in the Action incurred by any attorney on behalf of the Settlement Class Representatives and the Settlement Class Members, and shall relieve PMall, the Released Parties, the Settlement Administrator, and PMall's Counsel of any other claims or liability to any other attorney or law firm for any attorney fees, expenses and/or costs to which any attorney may claim to be entitled on behalf of the Settlement Class Representatives and the Settlement Class Members. In exchange for such payment, Settlement Class Counsel will release and forever discharge any attorneys' lien on the Gross Fund.

**11.5.** All of PMall's legal fees, costs, and expenses incurred in the defense of this Action shall be the responsibility of PMall.

## 12. INCENTIVE AWARDS

Settlement Class Counsel will apply for an Incentive Award for each of the Settlement Class Representatives to be paid for their time and effort spent conferring with Settlement Class Counsel, filing and pursuing the Action in their own names, and recovering compensation on behalf of all Settlement Class Members. Subject to Court approval, the Incentive Awards shall be paid from the Gross Fund. Any amount of the Incentive Award not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants.

## 13. RESPONSIBILITIES OF THE PARTIES

**13.1.** The Parties shall perform all duties as stated in this Settlement Agreement and agree to use their best efforts to carry out the terms of this Settlement.

**13.2.** Except with respect to Settlement Class Members who work at PMall on or after the date of the last signature below, PMall shall refrain from initiating communications with Settlement Class Members regarding the Settlement. If any Settlement Class Members who are not working at PMall on or after the date of the last signature below communicate with PMall regarding the Settlement, PMall shall direct these Settlement Class Members to contact Settlement Class Counsel or the Settlement Administrator.

**13.3.** At no time shall any Party or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement, submit requests for exclusion from the Settlement Class, or appeal from the Court's Final Judgment.

## 14. PMALL'S REPRESENTATIONS REGARDING FINGER VEIN DATA

PMall represents and warrants that since on or about April 2020, it has stopped using finger vein-based timekeeping and has deleted all data captured in the form of finger-vein scans that it previously collected and stored in the PMall database. PMall further represents and warrants that it did not at any time disclose or transfer this data to any third parties.

## 15. TERMINATION

**15.1.** In addition to the events specified in Section 1.32, the Settlement Effective Date shall not occur unless and until each and every one of the following additional events occurs:

> **a.** This Agreement has been signed by the Parties, Settlement Class Counsel, and PMall's Counsel;

> **b.** The Court has entered the Preliminary Approval Order (or an order identical in all material respects to the Preliminary Approval Order) preliminarily approving the Settlement;

> **c.** The Court has entered the Final Approval Order (or an order identical in all material respects to the Final Approval Order) finally approving the Agreement, and entering judgment dismissing the Action with prejudice.

**15.2.** If some or all of the conditions specified in Section 1.32 are not met or the Settlement set forth in this Settlement Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 15.4, unless Settlement Class Counsel and PMall mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that such other Party is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Settlement Class Counsel set forth above or the Incentive Award to the Settlement Class Representatives, regardless of the amounts awarded, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

**15.3.** In the event that the number of timely and valid exclusion requests exceeds 1% of the 20,393 registrations associated with the PMall finger vein-based timekeeping system, PMall shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement notwithstanding the provisions otherwise contained herein. Such termination shall be effectuated by serving a notice of termination on Settlement Class Counsel at the email addresses listed in the signature block below, and it shall be effective upon sending.

**15.4.** If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Preliminary Approval Order or other order entered by the Court in accordance with the terms of this Agreement, including, but not limited to, class certification, shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if the Parties had never entered into this Settlement Agreement.

## 16. MISCELLANEOUS

**16.1. Headings.** The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

**16.2. Amendment or Modification.** This Settlement Agreement may be amended or modified only by a written instrument signed by each and every Party (or their counsel) or their

successors in interest (or their counsel), and no waiver of any of the promises, obligations, terms or conditions herein (including this one) shall be valid unless it is written and signed by the Party against whom the waiver is sought to be enforced.

**16.3.    Entire Agreement.**  All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.  This Settlement Agreement and all exhibits hereto (substantially in the form attached) constitute the entire agreement among the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its attachments other than the representations, warranties, and covenants contained and memorialized in such documents. This Settlement Agreement supersedes all prior and contemporaneous negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein.

**16.4.    Waiver.**  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

**16.5.    Authorization to Enter into Settlement Agreement.**  Each signatory to this Agreement warrants and represents that such signatory is expressly authorized (i) to negotiate this Settlement Agreement, (ii) to take all appropriate action required or permitted to be taken by such to effectuate its terms, and (iii) to execute this Agreement and any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their respective counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement.

**16.6.    Binding on Successors and Assigns.**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**16.7.    Illinois Law Governs.**  All terms of this Settlement Agreement and the attachments hereto shall be governed by and interpreted according to the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

**16.8.    Counterparts.**  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Electronic signatures compliant with the ESIGN Act and signatures transmitted in digital format or by fax or .pdf shall have the same effect as an original ink signature.

**16.9.    This Settlement is Fair, Adequate, and Reasonable.**  The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate, and reasonable settlement of this action and that they have arrived at this Settlement Agreement through extensive arm's-length negotiations, taking into account all relevant factors.

**16.10. Media Statements.**  No Party, nor their counsel, shall make any affirmative statements to the media regarding this Settlement.

**16.11. Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all

ACTIVE.134942030.08

DocuSign Envelope ID: A3BF79F8-C848-4411-AF96-9B9E2281DF47

orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

**16.12.  Drafting.**  Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, any interpretation or construction of this Settlement Agreement shall not employ the doctrine of *contra proferentum*.

**16.13.  Advice of Counsel.**  In reaching this Agreement, the Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

**16.14.  Attorneys' Fees and Costs.**  Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

**16.15.  Circular 230 Disclaimer.**  Each Party to this Settlement Agreement acknowledges and agrees that (i) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (ii) each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement; (b) has not entered into this Settlement Agreement based upon the recommendation of any counter Party or any attorney or advisor to any counter Party; and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any counter Party to avoid any tax penalty that may be imposed on that Party; and (iii) no attorney or adviser to any counter Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

[*This space intentionally left blank*]

ACTIVE.134942030.08

Dated 03/12/22

Latonia Williams, Plaintiff

Dated 03/12/22

Dequrvia Williams, Plaintiff

Dated _____

Derrick Barnes, Plaintiff

Dated 3/3/22

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60610
Tel: 312.726.3400
Fax: 312.782.4519
tom@tomryanlaw.com

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 S. Michigan Ave., Suite 2600
Chicago, IL 60610
Tel: 312.201.0575
Fax: 312.332.0600
bormeslaw@sbcglobal.net
cpsons@bormeslaw.com

Alejandro Caffarelli
Katherine Stryker
Caffarelli & Associates, Ltd.
224 N. Michigan Ave., Suite 300
Chicago, IL 60604
Tel: 312.763.6880
acaffarelli@caffarrelli.com
kstryker@caffarelli.com

*Counsel for Plaintiffs*

23 of 24

Dated _____                              _____
                                             Latonia Williams, Plaintiff


Dated _____                              _____
                                             Dequrvia Williams, Plaintiff


Dated 3-12-22                                 _____*Derrick Barnes*_____
                                             Derrick Barnes, Plaintiff


Dated _____                              _____
                                             Thomas M. Ryan
                                             Law Office of Thomas M. Ryan, P.C.
                                             35 E. Wacker Drive, Suite 650
                                             Chicago, IL 60610
                                             Tel: 312.726.3400
                                             Fax: 312.782.4519
                                             tom@tomryanlaw.com

                                             James X. Bormes
                                             Catherine P. Sons
                                             Law Office of James X. Bormes, P.C.
                                             8 S. Michigan Ave., Suite 2600
                                             Chicago, IL 60610
                                             Tel: 312.201.0575
                                             Fax: 312.332.0600
                                             bormeslaw@sbcglobal.net
                                             cpsons@bormeslaw.com

                                             Alejandro Caffarelli
                                             Katherine Stryker
                                             Caffarelli & Associates, Ltd.
                                             224 N. Michigan Ave., Suite 300
                                             Chicago, IL 60604
                                             Tel: 312.763.6880
                                             acaffarelli@caffarrelli.com
                                             kstryker@caffarrelli.com

                                             *Counsel for Plaintiffs*

ACTIVE 134942030.08

DocuSign Envelope ID: A3BF79F8-C848-4411-AF96-9B9E2281DE47

Dated _3/14/2022_

DocuSigned by:

*Andrew Deren*

F927E30A7B0045A...

Personalizationmall.com, LLC, Defendant

By: Andrew Deren

Its: President

AS TO FORM:

Dated _3-14-2022_

Justin O. Kay
justin.kay@faegredrinker.com
Sophie H. Gotlieb
sophie.gotlieb@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant*
*Personalizationmall.com, LLC*

ACTIVE.134942030.08

DocuSign Envelope ID: A3BF79E8-C848-4411-AF96-9B9E2281DE47

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LATONIA WILLIAMS, DEQURVIA WILLIAMS and DERRICK BARNES, individually and on behalf of all others similarly situated, | ) ) ) ) ) | No. 1:20-cv-00025<br><br>*Consolidated with: No. 1:20-cv-02232* |
| Plaintiff, | ) ) | Judge Thomas M. Durkin |
| v. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| PERSONALIZATIONMALL.COM, LLC, | ) ) | |
| Defendant. | ) | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

On March ☐, 2022, Plaintiffs filed an Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion") (ECF No. ☐).  The Court has considered the Motion, the Class Action Settlement Agreement between Plaintiffs and Defendant ("Settlement Agreement") (ECF No. ☐), and all related exhibits and attachments and hereby finds and orders as follows:

1.  Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2.  The Court recognizes that, should the Settlement not be finally approved, Defendant retains all rights to object to the propriety of class certification in the litigation in all other contexts and for all other purposes, as set forth in the Settlement Agreement.  Therefore, if the Settlement is not finally approved, and the litigation resumes, this Court's preliminary findings below (including regarding the propriety of class certification) shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

1

3.   The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement filed with the Court meets the requirements for preliminary approval as fair, reasonable, and adequate.

4.   The Court finds that the Settlement Agreement was negotiated at arm's length between counsel for the Parties who are experienced in class action litigation.

5.   The Court finds, on a preliminary basis, that Settlement Class Counsel has adequately represented and conditionally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

6.   The Court finds that distribution of notice to the proposed Settlement Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2); and (ii) certify the proposed class for purposes of settlement.

7.   For settlement purposes only, Plaintiffs LaTonia Williams, Dequrvia Williams, and Derrick Barnes are appointed as Class Representatives.

8.   For settlement purposes only, the following counsel are appointed as Settlement Class Counsel: Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C.; James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C.; and Alejandro Caffarelli and Katherine Stryker of Caffarelli & Associates, Ltd.

9.   The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

10. The Court finds that distribution of the proposed Notice of Class Action Settlement and accompanying Claim Form ("Notice") by mail (where reasonably possible), by email (where

DocuSign Envelope ID: A3BF79F8-C848-4411-AF96-9B9E2281D547

reasonably possible), and by targeted digital advertising (as applicable) is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Settlement Class Members with all the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

11. To be eligible to receive Settlement payments, Settlement Class Members must complete and return or postmark for return (or submit, if submitted electronically) a valid Claim Form as described in the Notice, by 11:59:59 p.m., central time, sixty (60) days from the Notice Date ("Response Deadline").

12. Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice, by the Response Deadline. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

13. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14. Any Settlement Class Member who does not request to be excluded from the Settlement may object to the Settlement by filing with the Court and submitting a written statement to the Parties' counsel as described in the Notice, by the Response Deadline.

ACTIVE.135602616.04

15. Any Settlement Class Member who does not make his/her/their objection to the Settlement in the manner specified in the Notice and in the Settlement Agreement shall be deemed to have waived such objection and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

16. Settlement Class Counsel shall file the Settlement Class Counsel Fee Petition, and their request for the Class Representative's Incentive Award, no later than thirty (30) days from Notice Date. The Settlement Administrator shall post the Fee Petition on the Settlement website.

17. Settlement Class Counsel shall file a motion for final approval of the Settlement by [insert date], 2022. The motion for final approval shall include copies of any objections submitted and identify any Class Members who have requested to be excluded from the Settlement.

18. The Court schedules a Final Approval Hearing for [insert date], 2022, at 10:00 a.m., central time, to consider, among other things, (1) whether to finally approve the Settlement, (2) whether to approve Settlement Class Counsel's request for attorney fees and litigation costs, (3) whether to approve the Settlement Administrator's costs, and (4) whether to approve the Settlement Class Representatives' request for an Incentive Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement. Settlement Class Counsel shall ensure the Settlement Administrator posts the Final Approval Hearing details on the Settlement Website.

19. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a final judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

20. All discovery and other proceedings in the litigation as between Plaintiffs and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

Notice to be issued by: _____, 2022

Settlement Class Counsel Fee Petition to be filed by: _____, 2022

Response Deadline: _____, 2022

Final Approval Submission: _____, 2022

Final Approval Hearing: _____, 2022 at _____ a.m./p.m.

Dated: _____, 2022

_____
The Honorable Thomas M. Durkin
United States District Judge

DocuSign Envelope ID: A3BF79E8-C848-4411-AF96-9B9E2281DE47

# EXHIBIT 2

# NOTICE OF CLASS ACTION SETTLEMENT
*Williams et al. v. Personalizationmall.com, LLC.*, Case No. 1:20-cv-00025 (N.D. Ill.)

## 1. Introduction

A federal court in Chicago preliminarily approved a class action settlement in the lawsuit *Williams et al. v. Personalizationmall.com, LLC*, Case No. 1:20-cv-00025 (N.D. Ill.) (the "Lawsuit").

The Court has approved this Notice to inform you of your rights in the settlement. As described in more detail below, you may:

| | |
|---|---|
| (i) | Request a settlement payment and give up certain legal claims you have; |
| (ii) | Exclude yourself from the settlement and not receive a settlement payment and not give up any legal claims; |
| (iii) | Object to the settlement; or |
| (iv) | Do nothing, not receive a settlement payment, and give up certain legal claims you have. |

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

## 2. What Is This Lawsuit About?

This Lawsuit is about whether Personalizationmall.com, LLC ("PMall") violated the Illinois Biometric Information Privacy Act ("BIPA"). BIPA prohibits private companies from capturing, obtaining, storing, transferring, and/or using an individual's biometric identifiers and/or biometric information, unless they first provide an individual with certain written disclosures and obtain written consent and make publicly available a written policy regarding their retention and destruction of such identifiers and information.

The Lawsuit alleges that PMall violated BIPA related to the plaintiffs' use of a finger-scanning timekeeping device while they worked at PMall in 2017, 2018, and 2019. Specifically, the Lawsuit alleges that PMall did not obtain the required written consent and did not make publicly available or comply with the required written policy.

PMall denies the allegations in the Lawsuit and denies any violation of the law. Specifically, PMall denies that the finger-vein scanning system used by the plaintiffs collected a "fingerprint" and denies that it did not obtain the required written consent and did not make publicly available or comply with the required written policy.

Both sides agreed to the settlement to resolve the Lawsuit. The Court did not decide whether the plaintiffs are correct that PMall violated the law or whether PMall is correct that it did not.

You can learn more about the Lawsuit by contacting the settlement administrator, Analytics Consulting LLC at 1-xxx-xxx-xxxx, or Settlement Class Counsel, via Thomas Ryan, at 312-726-3400. You may also review the Settlement Agreement and related case documents at the settlement website: [insert URL].

## 3. Who Is Included in the Settlement?

The settlement includes all individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

There are 20,393 entries in the PMall database reflecting registrations to use the finger-vein based timekeeping system.

## 4. What Does the Settlement Provide?

The class action settlement provides for a total payment of $4,500,000 that PMall has agreed to pay to settle the claims of Settlement Class Members. Subject to Court approval, the Gross Fund shall be reduced by the following: (1) the Settlement Administrator's costs of up to $100,000; (2) an Incentive Award of $7,500 for each of the three Settlement Class Representatives; and (3) and Settlement Class Counsel's costs (not to exceed $7,300) and an award of up to one-third of the total settlement (minus the costs of notice and settlement administration, the Incentive Awards, and Settlement Class Counsel's costs) for attorney fees (approximately $1,456,733). Following these reductions, the remaining amount shall constitute the Net Fund which shall be distributed equally to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants").

The amount of money each Settlement Class Participant will receive will depend on the number of valid claim forms received and on the total amount deducted from the Gross Fund to cover administration costs, incentive awards, and attorneys' fees and costs. For example, if the administration costs, awards, and attorneys' fees and costs listed above are deducted, and **10%** of the 20,393 registrations are Settlement Class Participants, each will receive approximately **$1,428**. If **50%** of the registrations are Settlement Class Participants, each will receive approximately **$285**. These are examples: your actual payment could be more or could be less, and it will not be determined until all claims are submitted and the Court grants final approval of the settlement.

Unless you exclude yourself from the settlement as explained below, you will give up all claims arising out of the allegations in the Consolidated Class Action Complaint in the Action, including claims that were litigated in the Action or that could have been brought in the Action, whether known or unknown, arising from or related to the same nucleus of facts, or that relate in any way to Plaintiffs' and the Settlement Class Members' Biometric Information or Biometric Identifiers (as those terms are defined in BIPA) or to data generated by measurements of their biological, physical, or behavioral patterns or characteristics, or to the possession, collection, capture, purchase, receipt, obtainment, sale, lease, trade, profit, disclosure, redisclosure, dissemination, use, storage, transmission, protection, or deletion of their Biometric Information, of their Biometric Identifiers, or of their biological, physical, or behavioral patterns or characteristics.

The release of claims covers PMall, Bed Bath and Beyond Inc. (a former owner of PMall), and 1-800 Flowers.com, Inc. (the current owner of PMall), and each of their respective past, present, and future owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, independent contractors, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors.

**5. What Are Your Options?**

(i) **Request a settlement payment**. *If you want to receive a settlement payment, you must complete and submit online, or postmark and mail for return, a claim form by [Insert date 60 days from Notice].* You may return your claim form in the accompanying pre-paid envelope. Or you may also complete and submit a claim form online through the settlement website: [insert URL]. If you are a Settlement Class Member and you timely return a completed and valid claim form, and if the Court grants final approval of the settlement, you will be mailed a check at the address on your claim form. If required by law, you may also be sent a 1099 tax reporting form.

(ii) **Exclude yourself from the settlement and receive no money**. *If you do not want to be legally bound by the settlement, you must exclude yourself from the settlement by [Insert date 60 days from Notice].* If you do this, you will NOT get a settlement payment. To do so, you must mail or email your written request for exclusion to the Settlement Administrator (contact information below). Your written request for exclusion must be signed personally by you; include your full name, current address, and current telephone number; and include a clear statement that you wish to be excluded from the Settlement Class.

(iii) **Object to the Settlement.** *You may object to the settlement by [Insert date 60 days from Notice].* If you want to object to the settlement, you must file such objection with the Court by *[Insert date 60 days from Notice]* and email a copy of the objection to Settlement Class Counsel addressed to Thomas Ryan at tom@tomryanlaw.com from the Law Offices of Thomas M. Ryan, P.C. and to PMall's Counsel addressed to Justin Kay and Sophie Gotlieb from Faegre Drinker Biddle & Reath LLP at justin.kay@faegredrinker.com and sophie.gotlieb@faegredrinker.com. The objection must be signed personally by you; include (i) your full name, current address, and current telephone number; (ii) include a statement of the specific grounds for the objection; (iii) state whether you intend to appear at the Final Approval Hearing and disclose the identity of all counsel who represent you and/or will appear at the Final Approval Hearing; and (iv) enclose copies of any documents that you wish to submit in support of your position. If you exclude yourself from the settlement, you cannot file an objection.

(iv) **Do Nothing**. You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against the Released Parties regarding any legal claims arising out of allegations in the Consolidated Class Action Complaint.

**6. How do I update my Contact Information?**

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement payment, should you request one, will be sent to the correct address. To update your address, visit the settlement website or contact the Settlement Administrator, listed below.

**7. Who Are the Attorneys Representing the Class and How Will They Be Paid?**

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this settlement. Settlement Class Counsel will request one-third of the total settlement amount (after the notice and administration costs) as attorney fees plus reimbursement of their

costs. You may review Settlement Class Counsel's request for attorney fees and costs at the settlement website, [insert URL], after *[Insert date 30 days from Notice]*. You will not have to pay Settlement Class Counsel from your settlement payment or otherwise. You also have the right to hire your own attorney at your own expense.

### Settlement Class Counsel

| | | |
|---|---|---|
| Thomas M. Ryan | James X. Bormes | Alejandro Caffarelli |
| Law Office of Thomas M. Ryan, P.C. | Catherine P. Sons | Katherine Stryker |
| 35 E. Wacker Drive, Suite 650 | Law Office of James X. Bormes, P.C. | Caffarelli & Associates, Ltd. |
| Chicago, IL 60610 | 8 S. Michigan Ave., Suite 2600 | 224 N. Michigan Ave., Suite 300 |
| Tel: 312.726.3400 | Chicago, IL 60610 | Chicago, IL 60604 |
| Fax: 312.782.4519 | Tel: 312.201.0575 | Tel: 312.763.6880 |
| tom@tomryanlaw.com | Fax: 312.332.0600 | acaffarelli@caffarelli.com |
| | bormeslaw@sbcglobal.net | kstryker@caffarelli.com |
| | cpsons@bormeslaw.com | |

## 8. When is the Final Approval Hearing?

The Court will hold a hearing in this case on [**Insert date and time from preliminary approval Order**], (1) to consider, among other things, (1) the Settlement Administrator's costs of up to $100,000; (2) an Incentive Award of $7,500 for each of the three Settlement Class Representatives; and (3) and Settlement Class Counsel's costs (not to exceed $7,300) and an award of up to one-third of the total settlement (minus the costs of notice and settlement administration, the Incentive Awards, and Settlement Class Counsel's costs) for attorney fees (approximately $1,456,733)  You may appear at the hearing, but you are not required to do so.

Before the final approval hearing, the Settlement Administrator will post on the Settlement website whether the final approval hearing will be held remotely or in person (or both) and will provide remote access and/or courtroom information.

If you have any questions or want more information, contact Settlement Class Counsel via the methods above, or contact the Settlement Administrator:

### Settlement Administrator

Analytics Consulting LLC
Address Line 1
Address Line 2
Telephone Number
Email Address
Settlement Website

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS SETTLEMENT**

## CLAIM FORM
### (*TO RECEIVE PAYMENT, FILL OUT THIS FORM AND RETURN IT IN THE PRE-PAID ENVELOPE OR SUBMIT THIS INFORMATION ONLINE*)
*Williams et al. v. Personalizationmall.com, LLC.*, Case No. 1:20-cv-00025 (N.D. Ill.)

**You Are Not Being Sued. You Will Incur No Liability By Returning This Claim Form.**

To receive a settlement payment, you must complete your Claim Form and either submit it online, or have it postmarked and mailed to the Settlement Administrator, on or before [Insert date 60 days from Notice distribution].

You can return a completed Claim Form by U.S. mail in the pre-paid envelope that was mailed to you or submit a claim electronically at the settlement website: [insert URL]

You will receive a settlement payment only if you are a Settlement Class Member and timely return this Claim Form and the Court grants final approval of the settlement.

By signing below, you affirm that you are a member of the Settlement Class as defined by Section 3 of the Notice of Class Action Settlement.

Printed Name: _____     Date: _____

Street Address: _____     Phone:_____

City: _____     State: _____     Zip Code: _____

Email: _____

Signature: _____

[Insert Settlement Administrator's Contact Information]