DocuSign Envelope ID: 656C7E44-33F0-4416-94A7-39D277868EC1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONIA WILLIAMS, DEQURVIA WILLIAMS and DERRICK BARNES, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>PERSONALIZATIONMALL.COM, LLC,<br><br>                  Defendant. | No.: 1:20-cv-00025 |

## DECLARATION OF SETTLEMENT ADMINISTRATOR

I, Jeffrey J. Mitchell, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am over the age of twenty-one. I am competent to give this declaration. This declaration is true and correct to the best of my knowledge, information, and belief.

2. I am currently a Project Manager for Analytics Consulting, LLC (hereinafter "Analytics"), located at 18675 Lake Drive East, Chanhassen, Minnesota, 55317. Analytics provides consulting services to the design and administration of class action and mass tort litigation settlements and notice programs. The settlements Analytics has managed over the past twenty-five years range in size from fewer than 100 class members to more than 40 million, including some of the largest and most complex notice and claims administration programs in history.

3. Analytics' clients include corporations, law firms (both plaintiff and defense), the Department of Justice, the Securities and Exchange Commission, and the Federal Trade Commission, which since 1998 has retained Analytics to administer and provide expert advice regarding notice and claims processing in their settlements/distribution funds.

4. Analytics has been engaged in this matter to provide settlement administration services.

5. In my capacity as Project Manager, I am assigned matters relating to the Settlement Administration for the above-captioned litigation.

6. On or about March 25, 2022, Analytics provided notice of the proposed settlement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b) on behalf of the Defendant to the Attorney General of the United States and to the attorneys general of the states in which Class Members were believed to reside. Analytics served the CAFA Notice and the accompanying enclosures via Federal Express Ground and received confirmation of delivery for each addressee to whom it sent the CAFA Notice.

7. On or about March 31, 2022, Analytics was provided the Class Data in the form of a spreadsheet. The Class Data contained 20,341 putative Class Members. Analytics marked 1,938 records as duplicative, resulting in a Class List of 18,403 unique Class Members.

8. Analytics imported the Class Data to create a project-specific database and processed the records through the US Postal Service's NCOA database to standardize and update the available mailing addresses. The Class Data did not have a mailing address available for 1,918 Class Members.

9. On April 14, 2022, Analytics mailed by first-class mail the "Notice of Class Action Settlement" and the "Claim Form" ("Notice"), in both English and Spanish, to the 16,485

unique Class Members in the Class List that had a mailing address available. Templates of the "Notice of Class Action Settlement" and the "Claim Form" in English are attached as **Exhibits A and B.** Spanish versions of the Notice and Claim Form are attached as **Exhibits C and D.**

10. On April 14, 2022, Analytics also emailed 5,641 Notices to Class Members who had an email address available in the Class List.

11. Direct notice to Class Members was supplemented by a targeted campaign on websites and social media targeting Class Members. Beginning on May 9, 2022, advertisements were run on Facebook, Instagram, and WhatsApp targeted to Class Members. Copies of the representative digital advertisements are attached hereto as **Exhibit E.**

12. From the April 14, 2022, Notice mailing, Analytics received 4,675 notice packets returned as undeliverable. Analytics performed an address trace on undeliverable notices and located an updated address for 917 records. Analytics re-mailed the notice and claim form to these 917 records. Additionally, 125 notices were forwarded to addresses provided by the United States Postal Service.

13. On May 16, 2022, Analytics emailed and mailed reminder postcards to Class Members that hadn't yet submitted a claim.

14. The deadline to submit a claim form was June 13, 2022. To date, Analytics has received 3,829 claims from Class Members.

15. The deadline to request exclusion was June 13, 2022. To date, Analytics has received one (1) request for exclusion, from Sarah Rodriguez.

16. I am not aware of any objections to the Settlement.

17. During the claims period, Analytics received claims from fifty-six (56) individuals and one (1) entity who did not appear in the Class Data. These claims were not

submitted online or using an official claim form, but rather were submitted through the mail using the draft claim form that accompanied the motion for preliminary approval. On or about July 6, 2022, Analytics sent these claimants a letter informing them that their claims were preliminarily rejected, and that unless they submitted persuasive evidence that they met the criteria for submitting a claim, the rejection would become final and they would not be eligible for a Settlement Payment. Because these fifty-seven (57) claims were preliminarily rejected, they are not included in the count of 3,829 claims received from Class Members.

18. From the date the notice mailed, Analytics has provided a toll-free number at 1-855-702-3468 and an email address at info@pmallfingerveinscansettlement.com to answer Class Members' questions.

19. From the date the notice mailed, Analytics has hosted a website at www.pmallfingerveinscansettlement.com. The website contained general settlement information, including frequently asked questions, key settlement dates, and copies of the Settlement Agreement. Prior to the Claim Deadline, the website also included an online claim for Class Members to submit claims electronically.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: July 6, 2022

Jeffrey J. Mitchell

4

**EXHIBIT A**

# NOTICE OF CLASS ACTION SETTLEMENT

*Williams et al. v. Personalizationmall.com, LLC.*, Case No. 1:20-cv-00025 (N.D. Ill.)

## 1. Introduction

A federal court in Chicago preliminarily approved a class action settlement in the lawsuit *Williams et al. v. Personalizationmall.com, LLC*, Case No. 1:20-cv-00025 (N.D. Ill.) (the "Lawsuit").

The Court has approved this Notice to inform you of your rights in the settlement. As described in more detail below, you may:

(i) Request a settlement payment and give up certain legal claims you have;

(ii) Exclude yourself from the settlement and not receive a settlement payment and not give up any legal claims;

(iii) Object to the settlement; or

(iv) Do nothing, not receive a settlement payment, and give up certain legal claims you have.

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

## 2. What Is This Lawsuit About?

This Lawsuit is about whether Personalizationmall.com, LLC ("PMall") violated the Illinois Biometric Information Privacy Act ("BIPA"). BIPA prohibits private companies from capturing, obtaining, storing, transferring, and/or using an individual's biometric identifiers and/or biometric information, unless they first provide an individual with certain written disclosures and obtain written consent and make publicly available a written policy regarding their retention and destruction of such identifiers and information.

The Lawsuit alleges that PMall violated BIPA related to the plaintiffs' use of a finger-scanning timekeeping device while they worked at PMall in 2017, 2018, and 2019. Specifically, the Lawsuit alleges that PMall did not obtain the required written consent and did not make publicly available or comply with the required written policy.

PMall denies the allegations in the Lawsuit and denies any violation of the law. Specifically, PMall denies that the finger-vein scanning system used by the plaintiffs collected a "fingerprint" and denies that it did not obtain the required written consent and did not make publicly available or comply with the required written policy.

Both sides agreed to the settlement to resolve the Lawsuit. The Court did not decide whether the plaintiffs are correct that PMall violated the law or whether PMall is correct that it did not.

You can learn more about the Lawsuit by contacting the settlement administrator, Analytics Consulting LLC at **1-855-702-3468**, or Settlement Class Counsel, via Thomas Ryan, at 312-726-3400. You may also review the Settlement Agreement and related case documents at the settlement website: www.pmallfingerveinscansettlement.com.

## 3. Who Is Included in the Settlement?

The settlement includes all individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

There are 20,393 entries in the PMall database reflecting registrations to use the finger-vein based timekeeping system.

## 4. What Does the Settlement Provide?

The class action settlement provides for a total payment of $4,500,000 that PMall has agreed to pay to settle the claims of Settlement Class Members. Subject to Court approval, the Gross Fund shall be reduced by the following: (1) the Settlement Administrator's costs of up to $100,000; (2) an Incentive Award of $7,500 for each of the three Settlement Class Representatives; and (3) Settlement Class Counsel's costs (not to exceed $7,300) and an award of up to one-third of the total settlement (minus the costs of notice and settlement administration, the Incentive Awards, and Settlement Class Counsel's costs) for attorney fees (approximately $1,456,733). Following these reductions, the remaining amount

shall constitute the Net Fund which shall be distributed equally to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants").

The amount of money each Settlement Class Participant will receive will depend on the number of valid claim forms received and on the total amount deducted from the Gross Fund to cover administration costs, incentive awards, and attorneys' fees and costs. For example, if the administration costs, awards, and attorneys' fees and costs listed above are deducted, and **10%** of the 20,393 registrations are Settlement Class Participants, each will receive approximately **$1,428**. If **50%** of the registrations are Settlement Class Participants, each will receive approximately **$285**. These are examples: your actual payment could be more or could be less, and it will not be determined until all claims are submitted and the Court grants final approval of the settlement.

Unless you exclude yourself from the settlement as explained below, you will give up all claims arising out of the allegations in the Consolidated Class Action Complaint in the Action, including claims that were litigated in the Action or that could have been brought in the Action, whether known or unknown, arising from or related to the same nucleus of facts, or that relate in any way to Plaintiffs' and the Settlement Class Members' Biometric Information or Biometric Identifiers (as those terms are defined in BIPA) or to data generated by measurements of their biological, physical, or behavioral patterns or characteristics, or to the possession, collection, capture, purchase, receipt, obtainment, sale, lease, trade, profit, disclosure, redisclosure, dissemination, use, storage, transmission, protection, or deletion of their Biometric Information, of their Biometric Identifiers, or of their biological, physical, or behavioral patterns or characteristics.

The release of claims covers PMall, Bed Bath and Beyond Inc. (a former owner of PMall), and 1-800 Flowers.com, Inc. (the current owner of PMall), and each of their respective past, present, and future owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, independent contractors, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors.

## 5. What Are Your Options?

(i) **Request a settlement payment.** *If you want to receive a settlement payment, you must complete and submit online, or postmark and mail for return, a claim form by June 13, 2022 at 11:59:59 p.m. CT.* You may return your claim form in the accompanying pre-paid envelope. Or you may also complete and submit a claim form online through the settlement website: www.pmallfingerveinscansettlement.com. If you are a Settlement Class Member and you timely return a completed and valid claim form, and if the Court grants final approval of the settlement, you will be mailed a check at the address on your claim form. If required by law, you may also be sent a 1099 tax reporting form.

(ii) **Exclude yourself from the settlement and receive no money.** *If you do not want to be legally bound by the settlement, you must exclude yourself from the settlement by June 13, 2022 at 11:59:59 p.m. CT.* If you do this, you will NOT get a settlement payment. To do so, you must mail or email your written request for exclusion to the Settlement Administrator (contact information below). Your written request for exclusion must be signed personally by you; include your full name, current address, and current telephone number; and include a clear statement that you wish to be excluded from the Settlement Class.

(iii) **Object to the Settlement.** *You may object to the settlement by June 13, 2022 at 11:59:59 p.m. CT.* If you want to object to the settlement, you must file such objection with the Court by *June 13, 2022 at 11:59:59 p.m. CT* and email a copy of the objection to Settlement Class Counsel addressed to Thomas Ryan at tom@tomryanlaw.com from the Law Offices of Thomas M. Ryan, P.C. and to PMall's Counsel addressed to Justin Kay and Sophie Gotlieb from Faegre Drinker Biddle & Reath LLP at justin.kay@faegredrinker.com and sophie.gotlieb@faegredrinker.com. The objection must be signed personally by you; include (i) your full name, current address, and current telephone number; (ii) include a statement of the specific grounds for the objection; (iii) state whether you intend to appear at the Final Approval Hearing and disclose the identity of all counsel who represent you and/or will appear at the Final Approval Hearing; and (iv) enclose copies of any documents that you wish to submit in support of your position. If you exclude yourself from the settlement, you cannot file an objection.

(iv) **Do Nothing.** You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against the Released Parties regarding any legal claims arising out of allegations in the Consolidated Class Action Complaint.

### 6. How do I update my Contact Information?

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement payment, should you request one, will be sent to the correct address. To update your address, visit the settlement website or contact the Settlement Administrator, listed below.

### 7. Who Are the Attorneys Representing the Class and How Will They Be Paid?

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this settlement. Settlement Class Counsel will request one-third of the total settlement amount (after the notice and administration costs) as attorney fees plus reimbursement of their costs. You may review Settlement Class Counsel's request for attorney fees and costs at the settlement website, www.pmallfingerveinscansettlement.com, after *May 14, 2022*. You will not have to pay Settlement Class Counsel from your settlement payment or otherwise. You also have the right to hire your own attorney at your own expense.

**Settlement Class Counsel**

| | | |
|---|---|---|
| Thomas M. Ryan | James X. Bormes | Alejandro Caffarelli |
| Law Office of Thomas M. Ryan, P.C. | Catherine P. Sons | Katherine Stryker |
| 35 E. Wacker Drive, Suite 650 | Law Office of James X. Bormes, P.C. | Caffarelli & Associates, Ltd. |
| Chicago, IL 60610 | 8 S. Michigan Ave., Suite 2600 | 224 N. Michigan Ave., Suite 300 |
| Tel: 312.726.3400 | Chicago, IL 60610 | Chicago, IL 60604 |
| Fax: 312.782.4519 | Tel: 312.201.0575 | Tel: 312.763.6880 |
| tom@tomryanlaw.com | Fax: 312.332.0600 | acaffarelli@caffarrelli.com |
| | bormeslaw@sbcglobal.net | kstryker@caffarrelli.com |
| | cpsons@bormeslaw.com | |

### 8. When is the Final Approval Hearing?

The Court will hold a hearing in this case on *July 20, 2022 at 12:00 p.m. CT*, to consider, among other things, (1) the Settlement Administrator's costs of up to $100,000; (2) an Incentive Award of $7,500 for each of the three Settlement Class Representatives; and (3) Settlement Class Counsel's costs (not to exceed $7,300) and an award of up to one-third of the total settlement (minus the costs of notice and settlement administration, the Incentive Awards, and Settlement Class Counsel's costs) for attorney fees (approximately $1,456,733) You may appear at the hearing, but you are not required to do so.

Before the final approval hearing, the Settlement Administrator will post on the Settlement website whether the final approval hearing will be held remotely or in person (or both) and will provide remote access and/or courtroom information.

If you have any questions or want more information, contact Settlement Class Counsel via the methods above, or contact the Settlement Administrator:

**Settlement Administrator**
Analytics Consulting LLC
*Williams et al. v. Personalizationmall.com, LLC.*
P.O. Box 2006
Chanhassen, MN 55317-2006
1-855-702-3468
www.pmallfingerveinscansettlement.com

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS SETTLEMENT**

**EXHIBIT B**

**Analytics Consulting LLC**
*Williams et al. v. Personalizationmall.com, LLC.*
**P.O. Box 2006**
**Chanhassen, MN 55317-2006**
**Toll-free: 1-855-702-3468**
www.pmallfingerveinscansettlement.com

ABC1234567890

|||||||||||||||||||

JOHN Q CLASSMEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

Claim Number: 1111111

PIN: a@b#c$d

# CLAIM FORM

*(TO RECEIVE PAYMENT, FILL OUT THIS FORM AND RETURN IT IN THE PRE-PAID ENVELOPE OR SUBMIT THIS INFORMATION ONLINE)*
*Williams et al. v. Personalizationmall.com, LLC.,* Case No. 1:20-cv-00025 (N.D. Ill.)

**You Are Not Being Sued. You Will Incur No Liability By Returning This Claim Form.**

To receive a settlement payment, you must complete your Claim Form and either submit it online, or have it postmarked and mailed to the Settlement Administrator, on or before June 13, 2022 at 11:59:59 p.m. CT.

You can return a completed Claim Form by U.S. mail in the pre-paid envelope that was mailed to you or submit a claim electronically at www.pmallfingerveinscansettlement.com.

You will receive a settlement payment only if you are a Settlement Class Member and timely return this Claim Form and the Court grants final approval of the settlement.

By signing below, you affirm that you are a member of the Settlement Class as defined by Section 3 of the Notice of Class Action Settlement.

Printed Name: _____     Signature: _____

Date Signed: _____     Phone: _____

Street Address: _____

City: _____     State: _____     Zip Code: _____

Email: _____

**EXHIBIT C**

# NOTIFICACIÓN DE ACUERDO DE CONCILIACIÓN DE DEMANDA COLECTIVA

*Williams et al. v. Personalizationmall.com, LLC.*, caso n.º 1:20-cv-00025 (N.D. Ill.)

## 1. Introducción

Un tribunal federal de Chicago aprobó en forma preliminar un Acuerdo de conciliación de la demanda colectiva *Williams et al. v. Personalizationmall.com, LLC*, caso n.º: 1:20-cv-00025 (N.D. Ill.) (la "Demanda").

El Tribunal ha aprobado esta Notificación para informarle sobre sus derechos en virtud del Acuerdo de conciliación. Tal como se describe con más detalle a continuación, usted puede:

(i) Solicitar un pago de conciliación y renunciar a ciertos reclamos legales que tuviese;

(ii) Excluirse del acuerdo, no recibir un pago de conciliación y no renunciar a ningún reclamo legal;

(iii) Objetar el Acuerdo de conciliación o

(iv) No hacer nada, no recibir un pago de conciliación y renunciar a ciertos reclamos legales que tuviese.

Antes de que se realizara algún pago de dinero, el Tribunal decidirá si aprueba el Acuerdo de conciliación en forma definitiva.

## 2. ¿De qué se trata esta Demanda?

Esta Demanda se refiere a si Personalizationmall.com, LLC ("PMall") infringió la Ley de Privacidad de Información Biométrica de Illinois (Biometric Information Privacy Act, BIPA). La BIPA prohíbe a las compañías privadas capturar, obtener, almacenar, transferir o utilizar los identificadores biométricos o la información biométrica de una persona, a menos que primero le proporcionasen a una persona ciertas divulgaciones por escrito y obtuviesen el consentimiento por escrito y pusieran a disposición del público una política escrita con respecto a la conservación y destrucción de dichos identificadores e información.

La Demanda alega que PMall infringió la BIPA en relación con el uso de los demandantes de un dispositivo de control de tiempo de escaneo de dedos mientras trabajaban en PMall en 2017, 2018 y 2019. De manera específica, la Demanda alega que PMall no obtuvo el consentimiento por escrito requerido y no puso a disposición del público ni cumplió con la política escrita requerida.

PMall niega las acusaciones que son objeto de la Demanda, así como haber cometido cualquier infracción a las leyes. En concreto, PMall niega que el sistema de escaneo de venas dactilares utilizado por los demandantes recogiera una "huella dactilar" y niega no haber obtenido el consentimiento por escrito requerido y no haber puesto a disposición del público ni cumplir con la política escrita requerida.

Ambas partes aceptaron el Acuerdo de conciliación para resolver la Demanda. El Tribunal no decidió si los demandantes tienen razón en que PMall infringió las leyes o si PMall tiene razón en que no lo hizo.

Puede obtener más información sobre la Demanda si se comunica con el Administrador del acuerdo de conciliación, Analytics Consulting LLC, al **1-855-702-3468** o con el Abogado del grupo del acuerdo de conciliación, a través de Thomas Ryan, al 312-726-3400. También puede revisar el Acuerdo de conciliación y los documentos relacionados con el caso en el sitio web de la conciliación: www.pmallfingerveinscansettlement.com.

## 3. ¿Quiénes están incluidos en el Acuerdo de conciliación?

El Acuerdo de conciliación incluye a todos los individuos que se registraron para usar el sistema de registro de tiempo basado en las venas dactilares desplegado por PMall dentro del estado de Illinois en cualquier momento durante el despliegue del sistema (mayo de 2016 hasta abril de 2020).

Hay 20,393 entradas en la base de datos de PMall que reflejan las inscripciones para utilizar el sistema de control horario basado en las venas dactilares.

## 4. ¿Qué establece el Acuerdo de conciliación?

El Acuerdo de conciliación de demanda colectiva establece un pago total de USD 4,500,000 que PMall ha convenido pagar para resolver los reclamos de los Miembros del grupo del acuerdo de conciliación. Sujeto a la aprobación del Tribunal, al Fondo bruto se le restará lo siguiente (1) los costes del Administrador del acuerdo de conciliación de hasta USD 100,000; (2) una Adjudicación de incentivo de USD 7,500 para cada uno de los tres Representantes del grupo del acuerdo de conciliación y (3) los costes del Abogado del grupo del acuerdo de conciliación (que no superarán los USD 7,300) y una adjudicación de hasta un tercio del acuerdo total (menos los costes de notificación y administración de la conciliación, las Adjudicaciones de incentivo y los costes del Abogado del grupo del acuerdo de conciliación) para honorarios de abogados (aproximadamente

USD 1,456,733). Después de estas deducciones, el monto restante constituirá el Fondo neto que se distribuirá en partes iguales a los Miembros del grupo del acuerdo de conciliación que enviasen de manera oportuna formularios de reclamo válidos (los "Participantes del grupo del acuerdo de conciliación").

La cantidad de dinero que recibirá cada Participante del grupo del acuerdo de conciliación dependerá del número de formularios de reclamo válidos que se recibiesen y de la cantidad total que se dedujese del Fondo bruto para cubrir los costes de administración, los premios de incentivo y los honorarios y costes de los abogados. Por ejemplo, si se dedujesen los costes de administración, los premios y los honorarios y costes de los abogados indicados con anterioridad y el **10 %** de los 20,393 registros son Participantes del grupo del acuerdo de conciliación, cada uno recibirá aproximadamente **USD 1,428**. Si el **50 %** de los registros fuesen Participantes del grupo del acuerdo de conciliación, cada uno recibirá aproximadamente **USD 285**. Estos son ejemplos: su pago real podría ser mayor o menor y no se determinará hasta que se presentasen todos los reclamos y el Tribunal concediese la aprobación definitiva del Acuerdo de conciliación.

A menos que se excluyese del Acuerdo de conciliación tal como se explica a continuación, renunciará a todos los reclamos que surgiesen de las alegaciones de la Demanda colectiva consolidada en la acción, incluidos los reclamos que se litigaron en la Acción o que podrían haberse presentado en la Acción, ya fuesen conocidas o desconocidas, que surgiesen o se relacionasen con el mismo núcleo de hechos o que se relacionasen de alguna manera con la Información biométrica o los Identificadores biométricos de los demandantes y de los Miembros del grupo del acuerdo de conciliación (según se definen estos términos en la BIPA) o con los datos generados por las mediciones de sus patrones o características biológicas, físicas o de comportamiento o a la posesión, recopilación, captura, compra, recepción, obtención, venta, alquiler, comercio, beneficio, divulgación, redivulgación, difusión, uso, almacenamiento, transmisión, protección o eliminación de su información biométrica, de sus identificadores biométricos o de sus patrones o características biológicas, físicas o de comportamiento.

La exención de reclamos cubre a PMall, Bed Bath and Beyond Inc. (expropietario de PMall), y 1-800 Flowers.com, Inc. (actual propietario de PMall) y cada uno de sus respectivos propietarios, afiliados, matrices, subsidiarias, divisiones, ejecutivos, directores, accionistas, agentes, empleados, contratistas independientes, abogados, aseguradores, reaseguradores, planes de beneficios, predecesores y sucesores, ya sean pasados, presentes o futuros.

## 5. ¿Qué opciones tiene?

(i) **Solicitar un pago de conciliación:** *Si deseara recibir un pago de conciliación, debe completar y enviar un formulario de reclamo en línea o por correo postal con matasellos, con acuse de recibo, a más tardar, el 13 de junio de 2022 a las 11:59:59 p. m. hora central.* Puede enviar su formulario de reclamo en el sobre prepago que se adjunta. También puede completar y enviar un formulario de reclamo en línea a través del sitio web del Acuerdo de conciliación: www.pmallfingerveinscansettlement.com. Si fuese un Miembro del grupo del acuerdo de conciliación y enviase de manera oportuna un formulario de reclamo válido y completo, en caso de que el Tribunal otorgase la aprobación definitiva del Acuerdo de conciliación, se le enviará por correo un cheque a la dirección que figura en su formulario de reclamo. Si lo exigiesen las leyes, también se le puede enviar un formulario 1099 de declaración de impuestos.

(ii) **Excluirse del Acuerdo de conciliación y no recibir dinero:** *si no deseara quedar legalmente vinculado por el acuerdo, debe excluirse de este, a más tardar, el 13 de junio de 2022 a las 11:59:59 p. m. hora central.* Si lo hiciera, NO recibirá un pago de conciliación. Para excluirse, debe enviar por correo postal o correo electrónico su solicitud de exclusión por escrito al Administrador del acuerdo de conciliación (la información de contacto aparece a continuación). Su solicitud de exclusión por escrito debe estar firmada personalmente por usted; incluir su nombre completo, dirección actual, número de teléfono actual y una declaración que indicase que desea ser excluido del Acuerdo de conciliación.

(iii) **Objetar el Acuerdo de conciliación:** *podrá objetar el acuerdo antes del 13 de junio de 2022 a las 11:59:59 p. m. hora central.* Si deseara objetar el Acuerdo de conciliación, debe presentar dicha objeción ante el Tribunal antes del 13 de junio de 2022 a las 11:59:59 p. m. hora central y enviar por correo electrónico una copia de la objeción a los Abogados del grupo del acuerdo de conciliación dirigida a Thomas Ryan a tom@tomryanlaw.com del Bufete jurídico de Thomas M. Ryan, P.C. y a los Abogados de PMall dirigida a Justin Kay y Sophie Gotlieb de Faegre Drinker Biddle & Reath LLP a justin.kay@faegredrinker.com y sophie.gotlieb@faegredrinker.com. La objeción deberá estar firmada personalmente por usted; incluir (i) su nombre completo, dirección actual y número de teléfono actual; (ii) incluir una declaración de los motivos específicos de la objeción; (iii) indicar si tiene intención de comparecer en la Audiencia de aprobación definitiva y revelar la identidad de todos los abogados que le representan o comparecerán en la Audiencia de aprobación definitiva y (iv) adjuntar copias de cualquier documento que deseara presentar en apoyo de su posición. Si se excluyese del Acuerdo de conciliación, no puede presentar una objeción.

(iv) **No hacer nada:** Puede optar por no hacer nada. Si no hiciera nada, no recibirá dinero en virtud del Acuerdo de conciliación, pero aun así quedará obligado por todas las órdenes y sentencias del Tribunal. No podrá presentar o continuar una

demanda contra las Partes exoneradas con respecto a un reclamo legal que surgiese de las acusaciones de la Demanda colectiva consolidada en la acción.

## 6. ¿Cómo actualizo mi información de contacto?

Debe notificar al Administrador del acuerdo de conciliación sobre cualquier cambio en su dirección postal para que el pago del Acuerdo de conciliación, en caso de que solicitase una, se enviase a la dirección correcta. Para actualizar su dirección, comuníquese con el Administrador del acuerdo de conciliación o con el sitio de Internet del Acuerdo de conciliación que se indica a continuación.

## 7. ¿Quiénes son los abogados que representan al grupo y cómo se les pagará?

El Tribunal ha designado a los Abogados del grupo del acuerdo de conciliación que se identifican a continuación para representar a los Miembros del grupo del acuerdo de conciliación en este acuerdo. Los Abogados del grupo del acuerdo de conciliación solicitarán un tercio del monto total del acuerdo (después de los costos de notificación y administración) en concepto de honorarios de abogados, más el reembolso de sus costos. Podrá revisar la solicitud del Abogado del grupo del acuerdo de conciliación de honorarios de los abogados y costos en el sitio de Internet del Acuerdo de conciliación, www.pmallfingerveinscansettlement.com, a partir del *14 de mayo de 2022*. No tendrá que pagar a los Abogados del grupo del acuerdo de conciliación con su compensación del Acuerdo de conciliación ni de otro modo. También tiene derecho a contratar a su propio abogado a su propio costo.

**Abogado del grupo del acuerdo de conciliación**

| Thomas M. Ryan | James X. Bormes | Alejandro Caffarelli |
|---|---|---|
| Law Office of Thomas M. Ryan, P.C. | Catherine P. Sons | Katherine Stryker |
| 35 E. Wacker Drive, Suite 650 | Law Office of James X. Bormes, P.C. | Caffarelli & Associates, Ltd. |
| Chicago, IL 60610 | 8 S. Michigan Ave., Suite 2600 | 224 N. Michigan Ave., Suite 300 |
| Tel: 312.726.3400 | Chicago, IL 60610 | Chicago, IL 60604 |
| Fax: 312.782.4519 | Tel: 312.201.0575 | Tel: 312.763.6880 |
| tom@tomryanlaw.com | Fax: 312.332.0600 | acaffarelli@caffarrelli.com |
| | bormeslaw@sbcglobal.net | kstryker@caffarrelli.com |
| | cpsons@bormeslaw.com | |

## 8. ¿Cuándo es la audiencia de aprobación definitiva?

El Tribunal celebrará una audiencia para este caso el *20 de julio de 2022 a las 12:00 p. m. hora central*, para considerar, entre otras cosas, (1) los costes del Administrador del acuerdo de conciliación de hasta USD 100,000; (2) una Adjudicación de incentivo de USD 7,500 para cada uno de los tres Representantes del grupo del acuerdo de conciliación y (3) los costes del Abogado del grupo del acuerdo de conciliación (que no superarán los USD 7,300) y una adjudicación de hasta un tercio del acuerdo total (menos los costes de notificación y administración de la conciliación, las Adjudicaciones de Incentivo y los costes del Abogado del grupo del acuerdo de conciliación) para honorarios de abogados (aproximadamente USD 1,456,733). Podrá comparecer en la audiencia, pero no estará obligado a hacerlo.

Antes de la audiencia de aprobación definitiva, el Administrador del acuerdo publicará en el sitio web del Acuerdo de conciliación si la audiencia de aprobación definitiva se llevará a cabo en forma remota o presencial (o ambas) y proporcionará información de acceso remoto o la información de la sala de audiencias.

Si tiene alguna pregunta o desea obtener más información, comuníquese con el Administrador del grupo del acuerdo de conciliación a través de los métodos mencionados precedentemente o comuníquese con el Administrador del acuerdo de conciliación:

**Administrador del acuerdo de conciliación**
Analytics Consulting LLC
*Williams et al. v. Personalizationmall.com, LLC.*
P.O. Box 2006
Chanhassen, MN 55317-2006
1-855-702-3468
www.pmallfingerveinscansettlement.com

**NO SE COMUNIQUE CON EL TRIBUNAL CON PREGUNTAS SOBRE ESTE ACUERDO DE CONCILIACIÓN**

**EXHIBIT D**

**Analytics Consulting LLC**
*Williams et al. v. Personalizationmall.com, LLC.*
**P.O. Box 2006
Chanhassen, MN 55317-2006
Toll-free: 1-855-702-3468**
www.pmallfingerveinscansettlement.com

# FORMULARIO DE RECLAMO

*(PARA RECIBIR EL PAGO, COMPLETE ESTE FORMULARIO Y ENVÍELO EN EL SOBRE PREPAGADO O ENVÍE ESTA INFORMACIÓN EN LÍNEA)*
*Williams et al. v. Personalizationmall.com, LLC.,* caso n.º 1:20-cv-00025 (N.D. Ill.)

**Usted no está siendo demandado. No incurrirá en responsabilidad alguna al enviar este Formulario de reclamo.**

Para recibir un pago del Acuerdo de conciliación, debe completar el Formulario de reclamo y enviarlo en línea o sellarlo y enviarlo por correo al Administrador del acuerdo de conciliación, a más tardar, el ***13 de junio de 2022 a las 11:59:59 p. m. hora central***.

Puede enviar un Formulario de reclamo completado a través del correo postal de los EE. UU. en el sobre prepago que se le envió por correo o enviar un reclamo en forma electrónica a www.pmallfingerveinscansettlement.com.

Recibirá un pago del Acuerdo de conciliación si fuese un Miembro del grupo del acuerdo de conciliación y enviase de manera oportuna este Formulario de reclamo, en caso de que el tribunal otorgase la aprobación definitiva del Acuerdo de conciliación.

Al firmar a continuación, afirma que es miembro del Grupo del acuerdo de conciliación según se define en la sección 3 de la Notificación del acuerdo de conciliación de demanda colectiva.

Aclaración de firma: _____    Firma: _____

Fecha de firma: _____    Teléfono: _____

Dirección: _____

Ciudad: _____    Estado: _____    Código postal: _____

Correo electrónico: _____

# EXHIBIT E

You may be eligible to participate in a settlement of a class action lawsuit against Personalizationmall.com that alleged that PMall violated Illinois law by collecting fingerprint data from timekeeping devices without obtaining written consent.



Am I Entitled To A Settlement Payment?

**LEARN MORE >**

pmallfingerveinscansettlemen...

**PMall Finger Scan Settlement**

Learn more