# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATONIA WILLIAMS, DEQURVIA WILLIAMS and DERRICK BARNES, individually and on behalf of all others similarly situated, | No. 1:20-cv-00025 |
| | Consolidated with: No. 1:20-cv-02232 |
| Plaintiff, | Judge Thomas M. Durkin |
| v. | Magistrate Judge Gabriel A. Fuentes |
| PERSONALIZATIONMALL.COM, LLC, | |
| Defendant. | |

## FINAL APPROVAL ORDER

This matter coming before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Parties' Class Action Settlement and Plaintiffs' Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Awards, the Court having reviewed and considered the motions, including all supporting documents, and the Court having conducted a telephone hearing on July 20, 2022,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action, Plaintiffs, the Settlement Class Members, and Defendant.

3. The Court incorporates and confirms as final its preliminary findings, conclusions and appointments as reflected in the Preliminary Approval Order.

4. The Court-approved Notice of Class Action Settlement and accompanying Claim Form ("Notice") were distributed by the Settlement Administrator to Settlement Class Members

by direct mail, email, and digital advertising in accordance with the Settlement Agreement and Preliminary Approval Order. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, a mechanism to submit electronic Claim Forms, answers to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods of distribution satisfied due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances.

5. Plaintiffs LaTonia Williams, Dequrvia Williams, and Derrick Barnes are confirmed as Class Representatives.

6. Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C.; James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C.; and Alejandro Caffarelli and Katherine Stryker of Caffarelli & Associates, Ltd. are confimed as Settlement Class Counsel.

7. Analytics Consulting LLC is confirmed as the Settlement Administrator.

8. The Court grants certification for settlement purposes of the following class:

All individuals who registered to use the finger vein-based timekeeping system deployed by PMall within the state of Illinois at any time during the system's deployment (May 2016 through April 2020).

9. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order.

10. Excluded from this class is the following individual who timely filed a request with the Settlement Administrator to be excluded: Sarah Rodriguez. Ms. Rodriguez is not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

11. The Settlement Class meets all requirements for certification under Rule 23(a) and (b)(3) for settlement purposes for the reasons explained in Plaintiffs' Memorandum of Law in Support of Their Unopposed Motion for Preliminary Approval of Class Action Settlement. In particular, the Settlement Class satisfies the following Rule 23(a) requirements: (1) numerosity is satisfied because the Settlement Class includes 18,403 members; (2) commonality is satisfied because the central question in this lawsuit is whether Defendant collected, possessed, or obtained workers' biometric data without following the requirements of the Biometric Information Privacy Act ("BIPA"); (3) typicality is satisfied because the claims of Plaintiffs and the Settlement Class arise from Defendant's use of a biometric finger scan system for Illinois workers allegedly without following BIPA's notice and consent requirements; and (4) adequacy is satisfied because the Settlement Class Representatives have an interest in the litigation and have no conflict with Settlement Class Members and because Settlement Class Counsel is experienced in class action litigation, including under BIPA, and has adequately represented the Settlement Class. The Settlement Class also satisfies Rule 23(b)(3) because the following common question predominates: whether Defendant collected, possessed, or obtained Settlement Class Members' biometric data without following the requirements of BIPA. Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

12. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of

$4,500,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims and treats Settlement Class Members equitably relative to each other; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who has significant experience representing parties in complex class actions, including those involving BIPA claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

13. The Parties and the Settlement Administrator are ordered and authorized to comply with and to consummate the Settlement Agreement in accordance with its terms (such terms incorporated into this order in their entirety), but are authorized, without further approval from the Court, to agree to such amendments, modifications, and expansions of the Settlement and its implementing documents (including this Settlement Agreement all Exhibits thereto) as may be necessary to consummate the Settlement that (i) are consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members.

14. As forth in Section 5.1 of the Settlement Agreement, as of the Settlement Effective Date, the Settlement Class Representatives and all Settlement Class Members, and each of their predecessors, successors, children, spouses, beneficiaries, heirs, executors, conservators, administrators, and assigns, and anyone claiming by, through or on behalf of them, and excluding any Settlement Class Member who submits a timely and valid request to be excluded from the Settlement Class (defined in the Settlement Agreement as "Releasing Settlement Class Members") are deemed to have irrevocably released Defendant; Bed Bath and Beyond Inc.; and 1-800-

Flowers.com, Inc. and each of their respective past, present, and future owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, independent contractors, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors (defined in the Settlement Agreement as "Released Parties") from all claims arising out of the allegations in the Consolidated Class Action Complaint in the Action, including claims that were litigated in the Action or that could have been brought in the Action, whether known or unknown, arising from or related to the same nucleus of facts, or that relate in any way to Plaintiffs' and the Settlement Class Members' Biometric Information or Biometric Identifiers (as those terms are defined in BIPA) or to data generated by measurements of their biological, physical, or behavioral patterns or characteristics, or to the possession, collection, capture, purchase, receipt, obtainment, sale, lease, trade, profit, disclosure, redisclosure, dissemination, use, storage, transmission, protection, or deletion of their Biometric Information, of their Biometric Identifiers, or of their biological, physical, or behavioral patterns or characteristics.

15. As set forth in Section 5.2 of the Settlement Agreement, as of the Settlement Effective Date, the Settlement Class Representatives are deemed to have released the Released Parties from any and all claims or causes of action, whether known or unknown, they could have asserted against the Released Parties from the beginning of time through the date of Final Approval. Specifically, the Settlement Class Representatives are deemed to have knowingly and voluntarily released and forever discharged, to the full extent permitted by law, the Released Parties of and from any and all claims, known and unknown, asserted and unasserted, the Settlement Class Representatives have or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of: Sections 1981 through 1988 of Title 42 of the United States Code (as amended); 42 U.S.C. §2000a; Title VII of

the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; as amended; the Family and Medical Leave Act of 1993, as amended; the Immigration Reform and Control Act, as amended; the Equal Pay Act, as amended; the Americans with Disabilities Act, as amended; the Employee Retirement Income Security Act; the Genetic Information Nondiscrimination Act of 2008; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Sarbanes-Oxley Act of 2002; the Illinois Human Rights Act of 1964 (as amended); the Illinois Whistleblower Act; BIPA; any and all Illinois laws relating to the payment of wages; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; and any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters. Notwithstanding the above, nothing in this release is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.

16. The Releases above apply to unknown claims, which are claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. By this Order, Plaintiffs, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law; the law of any state, the District of Columbia or territory of the United States;

or any principle of common law which is similar, comparable or equivalent to Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, the Settlement Class, and the Releasing Parties may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but they nonetheless forever settle and release the Released Claims, notwithstanding any unknown claims they may have.

17. Pursuant to the terms of the Settlement Agreement, all Releasing Settlement Class Members are permanently barred and enjoined from instituting, participating in, prosecuting, or maintaining, either directly or indirectly, or their own behalf or any other person or entity, any action or proceeding of any kind, in any forum, asserting any of the Released Claims against any of the Released Parties. All Settlement Class Members are deemed to have agreed that the Release described herein, and the injunction against pursuing Released Claims, will be and may be raised as a complete defense to and will preclude any action or proceeding based on the claims released by and through the Settlement Agreement.

18. The Court awards $76,504 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

19. The Settlement Administrator shall issue payments to all Settlement Class Participants from the Net Fund as described in the Settlement Agreement. The Settlement Administrator shall treat as timely all valid claims either (i) submitted by June 13, 2022 or, (ii)

submitted after June 13, 2022 but identified to this Court by Class Counsel at or before the Final Approval Hearing as submitted late due to excusable neglect on the part of the claimant.

20. The Court awards Settlement Class Counsel $1,464,185.00 in attorney fees and $7,780.38 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

21. The Court awards Settlement Class Representatives LaTonia Williams, Dequrvia Williams, and Derrick Barnes $7,500.00 each as a Service Award, which is payable from the Gross Fund as described in the Settlement Agreement.

22. Funds from checks not cashed by Settlement Class Participants within the 180-day deadline shall be distributed to the Unclaimed Property Division of the Illinois Treasurer's Office.

23. This matter is dismissed with prejudice without awarding costs to the Parties except as provided in this Order and the Settlement Agreement, but this Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith.

24. Neither this Order and Final Judgment, nor any of the materials described in Section 2 of the Settlement Agreement, shall constitute any evidence or admission by any Party (except as may be necessary to effectuate the Settlement).

25. The Clerk of Court is directed to enter and docket this Order and Final Judgement in the Action.

Dated: July 20, 2022

_____
The Honorable Thomas M. Durkin
United States District Judge